**THE ROSEN LAW FIRM, P.A.**
Phillip Kim, Esq. (PK 9384)
Laurence M. Rosen, Esq. (LR 5733)
275 Madison Avenue, 40th Floor
New York, New York 10016
Telephone: (212) 686-1060
Fax: (212) 202-3827
Email: pkim@rosenlegal.com
Email: lrosen@rosenlegal.com

*[Proposed] Lead Counsel for Lead Plaintiff and Class*

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LISA WILEY, Individually and On Behalf of All Others Similarly Situated,<br><br>    Plaintiff,<br><br>    v.<br><br>PAYSAFE LIMITED f/k/a FOLEY TRASIMENE ACQUISITION CORP. II, RICHARD N. MASSEY, BRYAN D. COY, PHILIP MCHUGH, and ISMAIL (IZZY) DAWOOD,<br><br>    Defendants. | CASE No.: 1:21-cv-10611-AJN<br><br>**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF DONALD JON LAWRENCE TO: (1) CONSOLIDATE RELATED ACTIONS; (2) APPOINT LEAD PLAINTIFF; AND (3) APPROVE LEAD PLAINTIFF'S SELECTION OF COUNSEL**<br><br>**CLASS ACTION** |
| JOHN PAUL O'BRIEN, Individually and On Behalf of All Others Similarly Situated,<br><br>    Plaintiff,<br><br>    v.<br><br>PAYSAFE LIMITED f/k/a FOLEY TRASIMENE ACQUISITION CORP. II, WILLIAM P. FOLEY, II, RICHARD N. MASSEY, BRYAN D. COY, PHILIP MCHUGH, and ISMAIL DAWOOD,<br><br>    Defendants. | CASE No.: 1:22-cv-00567-AJN<br><br>**CLASS ACTION** |

1

Movant Donald Jon Lawrence[1] ("Movant") respectfully submits this memorandum of law in support of his motion for an Order, pursuant to Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"):

(a)     consolidating the related actions as they involve common questions of law and fact, and consolidation would promote judicial economy;

(b)     appointing Movant as Lead Plaintiff for the class of persons and entities that purchased or otherwise acquired the securities of Paysafe Limited ("Paysafe" or the "Company") f/k/a Foley Trasimene Acquisition Corp. II ("FTAC") between December 7, 2020 and November 10, 2021, inclusive (the "Class Period"); and

(a)     approving Movant's selection of The Rosen Law Firm, P.A. ("Rosen Law") as Lead Counsel for the Class.

## INTRODUCTION AND BACKGROUND

This action was commenced on December 10, 2021 against Paysafe, Richard N. Massey, Bryan D. Coy, Philip McHugh, and Ismail Dawood for violations under the Exchange Act. That same day, an early notice pursuant to the PSLRA was published advising class members of, *inter alia*, the allegations and claims in the complaint, the Class Period, and of their option to seek appointment as Lead Plaintiff. *See* Ex. 1 hereto. On January 21, 2022, the related action, *O'Brien v. Paysafe Limited f/k/a Foley Trasimene Acquisition Corp. II, et al.*, case no. 1:22-cv-00567-AJN, was filed alleging substantially similar claims under the Exchange Act against the same defendants[2] covering the same Class Period.

---

[1] Donald Jon Lawrence's wife, Mary Lawrence, assigned her claims to him to pursue. *See* Ex. 4, hereto.

[2] The *O'Brien* Action adds William P. Foley as a defendant.

Paysafe provides end-to-end payment solutions through three primary business segments: (1) Integrated Processing, which processes payments for merchants; (2) Digital Wallet, which enables consumers to make digital payments for purposes such as e-commerce, online gambling, and gaming; and (3) eCash Solutions, which allows consumers to use cash for digital payments by purchasing prepaid digital vouchers. FTAC was a special purpose acquisition company formed for the purpose of acquiring or merging with an existing private company, thereby allowing the private company to go public without conducting a traditional initial public offering.

On December 7, 2020, FTAC announced that it had entered into a definitive agreement and plan of merger with Paysafe Group Holdings Limited ("Legacy Paysafe"). FTAC and Legacy Paysafe completed their business combination on March 30, 2021 (the "Merger"). Following the Merger, the combined company began operating as Paysafe and began trading on the New York Stock Exchange under the ticker symbol "PSFE," representing the combined company.

The complaints allege that during the Class Period, Defendants made false and misleading statements and/or failed to disclose that: (1) Paysafe was being negatively impacted by gambling regulations in key European markets; (2) Paysafe was encountering performance challenges in its Digital Wallet segment; (3) new eCommerce customer agreements were being pushed back; and (4) as a result of the foregoing, Defendants' positive statements about the Company's business, operations, and prospects were materially misleading and/or lacked a reasonable basis.

On November 11, 2021, before the market opened, Paysafe announced its third quarter 2021 financial results, including below-guidance quarterly revenue of $353.6 million, and lowered its full-year 2021 guidance for revenue and other financial metrics. Specifically, the

Company revealed that due to "[g]ambling regulations and softness in key European markets and performance challenges impacting the Digital Wallet segment" as well as "[t]he modified scope and timing of new eCommerce customer agreements relative to the Company's original expectations for these agreements," the Company was revising its 2021 guidance—expecting full-year 2021 revenue between $1.47 billion and $1.48 billion.

On this news, the Company's share price fell $3.03 per share, or more than 40%, to close at $4.24 per share on November 11, 2021, on unusually heavy trading volume.

As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's shares, Plaintiff and other Class members have suffered significant losses and damages.

## ARGUMENT

### I.   THE RELATED ACTIONS SHOULD BE CONSOLIDATED

Consolidation of related cases is proper where, as here, the actions involve common questions of law and fact such that consolidation would prevent unnecessary cost or delay in adjudication. When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all of the matters at issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay. Fed. R. Civ. P. 42(a).

The PSLRA contemplates consolidation where "more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter has been filed." 15 U.S.C. §78u-4(a)(3)(A)(ii). As such, the PSLRA does not displace the traditional legal standards for consolidation under Fed. R. Civ. P. 42(a).

Both of the above-captioned related actions have been filed in this District alleging similar factual and legal grounds to support allegations of violations of the Exchange Act by

Defendants arising from the public dissemination of false and misleading information to investors. Accordingly, the above-captioned cases should be consolidated pursuant to Fed. R. Civ. P. 42(a) for all purposes.

## II.   MOVANT SHOULD BE APPOINTED LEAD PLAINTIFF

The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of class action by the later of: (i) 90 days after the date of publication of the notice; or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B). The PSLRA provides a "rebuttable presumption" that the "most adequate plaintiff" to serve as lead plaintiff is the person or group that:

(aa) has either filed the complaint or made a motion in response to a notice…;

(bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii).

As set forth below, Movant satisfies all three of these criteria, and thus is entitled to the presumption of being the "most adequate plaintiff" for the Class.

### A.   Movant Is Willing to Serve as Class Representative

Movant has filed herewith a PSLRA certification attesting that he is willing to serve as representative of the class and remains willing to provide testimony at deposition and trial, if necessary. *See* Ex. 2 hereto. Accordingly, Movant satisfies the first requirement to serve as Lead Plaintiff for the Class.

## B. Movant Has the Largest Financial Interest in the Action

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff … is the person or group of persons that … has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii). "While the PSLRA does not specify how we should decide which plaintiff group has the 'largest financial interest' in the relief sought, most courts simply determine which potential lead plaintiff has suffered the greatest total losses." *Takara Trust v. Molex*, 229 F.R.D. 577, 579 (N.D. Ill. 2005). Of the *Lax*/*Olsten*-styled[3] factors in determining the largest financial interest, the financial loss is the most significant factor. *See In re Fuwei Films Sec. Litig.*, 247 F.R.D. 432, 437 (S.D.N.Y. 2008). Indeed, "the best yardstick by which to judge 'largest financial interest' is the amount of loss, period." *In re Bally Total Fitness*, *Sec. Litig.*, 2005 WL 627960 * 4 (N.D. Ill. Mar. 15, 2005).

Movant lost approximately $1,304,138.81 in connection with purchases of Paysafe securities. *See* Ex. 3 hereto. Movant is not aware of any other movant that has suffered greater losses in Paysafe securities during the Class Period. Accordingly, Movant satisfies the largest financial interest requirement to be appointed as Lead Plaintiff for the class.

## C. Movant Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, the Lead Plaintiff must "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the

---

[3] *Lax v. Merch. Acceptance Corp.*, 1997 WL 461036 *5 (N.D. Ill. Aug. 11, 1997); *In re Olsten Corp. Sec. Litig.*, 3 F.Supp.2d 286, 295 (E.D.N.Y. 1998).

representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

In making its determination that the Lead Plaintiff satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification – a *prima facie* showing that Movant will satisfy the requirements of Rule 23 is sufficient. *Fuwei Films*, 247 F.R.D. at 439 (only a *prima facie* showing is required). Moreover, "typicality and adequacy of representation are the only provisions relevant to a determination of lead plaintiff under the PSLRA." *In re Oxford Health Plans, Inc. Sec. Litig.,* 182 F.R.D. 42, 49 (S.D.N.Y. 1998).

### 1.      Movant's Claims are Typical

The Rule 23(a) typicality requirement is satisfied when a plaintiff's claims arise from the same event, practice or course of conduct that gives rise to other class members' claims and plaintiff's claims are based on the same legal theory. *See In re Livent, Inc. Noteholders Sec. Litig.*, 210 F.R.D. 512, 516 (S.D.N.Y. 2002). Rule 23 does not require the lead plaintiff to be identically situated with all class members. *Id*.

Here, Movant's claims are typical of the claims asserted by the Class. Movant, like all members of the Class, alleges that Defendants violated the Exchange Act by issuing false and misleading statements about Paysafe's business. Movant's interests are closely aligned with the other Class members' and Movant's interests are, therefore, typical of the other members of the Class.

### 2.      Movant Is Adequate

The adequacy of representation of Rule 23 is satisfied where it is established that a representative party has the ability to represent the claims of the class vigorously, has obtained adequate counsel, and there is no conflict between a potential representative's claim and those

asserted on behalf of the class. *In re Cendant Corp. Litigation*, 264 F.3d. 201, 265 (3d Cir. 2001).

Here, Movant has communicated with competent, experienced counsel concerning this case and made this motion to be appointed as Lead Plaintiff. Movant is not aware that any conflict exists between his claims and those asserted on behalf of the Class. Movant also sustained substantial financial losses from investments in Paysafe securities and is therefore extremely motivated to pursue claims in this action.

**D. Movant Is Presumptively the Most Adequate Plaintiff**

The presumption in favor of appointing Movant as Lead Plaintiff may be rebutted only upon proof "by a purported member of the Plaintiffs' class" that the presumptively most adequate plaintiff:

(aa) will not fairly and adequately protect the interests of the class; or

(bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

The ability of Movant to represent the Class fairly and adequately is discussed above. Movant is not aware of any unique defenses Defendants could raise against him that would render Movant inadequate to represent the Class. Movant is a sophisticated investor with approximately 30 years of investing experience. *See* Ex. 5 hereto. He lives in Stark County, Ohio and is a retired pharmaceutical sales representative. *Id.*

The presumption that Movant is the most adequate Lead Plaintiff is not, therefore, subject to rebuttal. Accordingly, Movant has suffered financial losses and has the largest financial interest in this case of any timely lead plaintiff and should be appointed Lead Plaintiff.

8

### III.     MOVANT'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the Lead Plaintiff to select and retain Lead Counsel, subject to the approval of the Court. 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should only interfere with Lead Plaintiff's selection when necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Movant has selected Rosen Law as Lead Counsel. The firm has been actively researching Movant's and Class Plaintiffs' claims, as well as reviewing publicly available financial and other documents while gathering information in support of the claims against Defendants. Furthermore, the firm has an extensive history bringing significant recoveries to investors and is experienced in the area of securities litigation and class actions, having been appointed as lead counsel in securities class actions in this District and in other courts throughout the nation. *See* Ex. 6 hereto. The firm has prosecuted numerous securities fraud class actions and other complex litigation and obtained substantial recoveries on behalf of investors.

As a result of the firm's experience in litigation involving issues similar to those raised in this action, Movant's counsel has the skill and knowledge to prosecute this action effectively and expeditiously. Thus, the Court may be assured that by approving Movant's selection of Lead Counsel, the members of the class will receive the best legal representation available.

### **CONCLUSION**

For the foregoing reasons, Movant respectfully requests the Court issue an Order: (1) consolidating the related actions; (2) appointing Movant as Lead Plaintiff of the Class; (3) approving Movant's selection of Rosen Law as Lead Counsel; and (4) granting such other relief as the Court may deem to be just and proper.

Dated: February 8, 2022                     Respectfully submitted,

                                            **THE ROSEN LAW FIRM, P.A.**

                                            /s/ Phillip Kim
                                            Phillip Kim, Esq. (PK 9384)
                                            Laurence M. Rosen, Esq. (LR 5733)
                                            275 Madison Avenue, 40th Floor
                                            New York, New York 10016
                                            Telephone: (212) 686-1060
                                            Fax: (212) 202-3827
                                            Email: pkim@rosenlegal.com
                                            Email: lrosen@rosenlegal.com

                                            *[Proposed] Lead Counsel for Lead Plaintiff
                                            and Class*

10

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on February 8, 2022, a true and correct copy of the foregoing document was served by CM/ECF to the parties registered to the Court's CM/ECF system.

<u>/s/Phillip Kim</u>