UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LISA WILEY, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>PAYSAFE LIMITED f/k/a FOLEY TRASIMENE ACQUISITION CORP. II, RICHARD N. MASSEY, BRYAN D. COY, PHILIP MCHUGH, and ISMAIL (IZZY) DAWOOD,<br><br>Defendants. | Case No. 1:21-cv-10611-AJN-KHP |
| JOHN PAUL O'BRIEN, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>PAYSAFE LIMITED f/k/a FOLEY TRASIMENE ACQUISITION CORP. II, WILLIAM P. FOLEY, II, RICHARD N. MASSEY, BRYAN D. COY, PHILIP MCHUGH, and ISMAIL DAWOOD,<br><br>Defendants. | Case No. 1:22-cv-00567-AJN-KHP |

**MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF
ROBERT J. VIANI AND ERIC C. PRICE, AS TRUSTEE FOR THE ERIC C.
PRICE & KRISTEN B. HENNIG-PRICE REV. LIVING TRUST UA 05/27/2015,
FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD
PLAINTIFF, AND APPROVAL OF SELECTION OF COUNSEL**

## TABLE OF CONTENTS

**Page**

I.      PRELIMINARY STATEMENT .......................................................................................1

II.     FACTUAL BACKGROUND..........................................................................................3

III.    ARGUMENT...................................................................................................................5

     A.      The Related Actions Should Be Consolidated.....................................................5

     B.      Mr. Viani and Mr. Price Are the Most Adequate Plaintiff .....................................6

         1.      Mr. Viani and Mr. Price's Motion Is Timely...............................................7

         2.      Mr. Viani and Mr. Price Have the Largest Financial Interest in the Relief Sought by the Class..........................................................................7

         3.      Mr. Viani and Mr. Price Satisfy the Requirements of Rule 23....................8

             a)      Mr. Viani and Mr. Price Are Typical.............................................. 8

             b)      Mr. Viani and Mr. Price Are Adequate.......................................... 9

     C.      Mr. Viani and Mr. Price's Selection of Lead Counsel Should Be Approved........10

IV.     CONCLUSION...............................................................................................................11

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re Cohen v. U.S. Dist. Ct. for the N. Dist. of Cal.*,
  586 F.3d 703 (9th Cir. 2009) ...............................................................................................10

*Omdahl v. Farfetch Ltd.*,
  No. 19-cv-8657 (AJN),
  2020 WL 3072291 (S.D.N.Y. June 10, 2020) ...........................................................5, 8, 9, 11

**Statutes**

15 U.S.C. § 78u-4(a)(1)-(3)(B)(i) ........................................................................... *passim*

**Other Authorities**

Fed. R. Civ. P. 23(a) .................................................................................................8, 9

Robert J. Viani ("Mr. Viani") and Eric C. Price ("Mr. Price"), as trustee for the Eric C. Price & Kristen B. Hennig-Price Rev. Living Trust UA 05/27/2015 (the "Price Trust"), respectfully submit this Memorandum of Law in support of their motion (the "Motion") for: (1) consolidation of the above-captioned actions (the "Related Actions") pursuant to Federal Rule of Civil Procedure 42(a) ("Rule 42(a)"); (2) appointment as Lead Plaintiff pursuant to the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), 15 U.S.C. § 78u-4(a)(3)(B); (3) approval of the selection of Kessler Topaz Meltzer & Check, LLP ("Kessler Topaz") as Lead Counsel for the class; and (4) any such further relief as the Court may deem just and proper.

## I.      PRELIMINARY STATEMENT

The Related Actions are two related securities class actions brought under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78j(b) and 78t(a), against Paysafe Limited ("Paysafe" or the "Company") f/k/a Foley Trasimene Acquisition Corp. II ("FTAC"), certain of Paysafe's executive officers and directors, and certain of FTAC's former executive officers and directors (collectively, "Defendants").  The Related Actions are brought on behalf of a proposed class of all persons or entities that purchased or otherwise acquired Paysafe and/or FTAC securities between December 7, 2020, and November 10, 2021, inclusive (the "Class Period").  As detailed below, the Related Actions involve common issues of law and fact and should be consolidated pursuant to Rule 42(a).  *See* Section III.A., *infra*.

After consolidation, the PSLRA governs the selection of the lead plaintiff in class actions asserting claims under the federal securities laws.  Specifically, the PSLRA requires a court to appoint as lead plaintiff the movant or movant group who: (1) makes a timely motion under the PSLRA's sixty-day deadline; (2) asserts the largest financial interest in the litigation; and (3)

otherwise satisfies the relevant requirements of Rule 23 of the Federal Rules of Civil Procedure ("Rule 23").  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

Mr. Viani and Mr. Price respectfully submit that they are the presumptive "most adequate plaintiff" under the PSLRA and should be appointed as Lead Plaintiff.  Mr. Viani and Mr. Price's Motion is timely and their losses of approximately $3,819,459 on a last-in, first-out ("LIFO") basis in connection with their transactions in Paysafe and FTAC securities during the Class Period represent the largest known financial interest in the relief sought by the class.[1]  *See* Declaration of Naumon A. Amjed ("Amjed Decl."), Exs. A-B.  In addition to asserting the largest financial interest, Mr. Viani and Mr. Price easily satisfy the relevant requirements of Rule 23 because their claims are typical of all members of the class and because they will fairly and adequately represent the class.

Moreover, as set forth in greater detail in their Joint Declaration, Mr. Viani and Mr. Price each fully understand the Lead Plaintiff's obligations to the class under the PSLRA, and are willing and able to undertake those responsibilities to guarantee vigorous prosecution of this litigation.  In fact, prior to seeking a role as Lead Plaintiff, Mr. Viani and Mr. Price participated in a conference call to discuss, among other things, the claims against Defendants and their plans to jointly prosecute this litigation.  *See* Amjed Decl., Ex. C.  Accordingly, Mr. Viani and Mr. Price have the incentive and ability to supervise and monitor counsel, and to lead this litigation in a cohesive manner.

Lastly, Mr. Viani and Mr. Price have retained experienced and competent counsel to represent the class.  As the "most adequate plaintiff" under the PSLRA, Mr. Viani and Mr. Price's

---

[1] All references herein to Mr. Price's transactions, losses, and claims refer to the Price Trust's transactions, losses, and claims.

selection of Kessler Topaz as Lead Counsel for the class should be approved.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(v) ("The most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class.").

## II.    FACTUAL BACKGROUND

Paysafe, a Bermudian company with principal executive offices in Hamilton, Bermuda, provides end-to-end payment solutions through three primary business segments: Integrated Processing, which processes payments for merchants; Digital Wallet, which enables consumers to make digital payments for purposes such as e-commerce, online gambling, and gaming; and eCash Solutions, which allows consumers to use cash for digital payments by purchasing prepaid digital vouchers.  Paysafe was formed through the March 2021 business combination of FTAC and Paysafe Group Holdings Limited.  Following the completion of the business combination, the combined company began operating as Paysafe.  Additionally, FTAC common stock stopped trading under the "BFT" ticker symbol and Paysafe common stock began trading on the New York Stock Exchange under the ticker symbol "PSFE," representing the combined company.

The Related Actions allege that, throughout the Class Period, Defendants made materially false and misleading statements and failed to disclose material adverse facts about the Company's business and operations.  Specifically, Defendants misrepresented and/or failed to disclose that: (1) Paysafe was being negatively impacted by gambling regulations in key European markets; (2) Paysafe was encountering performance challenges in its Digital Wallet segment; (3) new eCommerce customer agreements were being pushed back; and (4) as a result of the foregoing, Defendants' positive statements about the Company's business, operations, and prospects were materially misleading and/or lacked a reasonable basis.

Investors began to learn the truth on August 16, 2021, when the Company announced financial results for the second quarter of 2021 and provided disappointing guidance for the third quarter of 2021.  Specifically, Defendants projected third quarter revenue of between $360 million and $375 million—well below analysts' estimate of $389 million.  During the Company's quarterly conference call with analysts and investors that same day, Defendants admitted that their weak expectations for the third quarter resulted from softness in European online gambling markets and poor performance in the Company's Digital Wallet business segment.  However, Defendants assured investors that the disappointing performance expected in the third quarter would be only temporary, and that the Company would quickly resume its strong growth.  In response to this partial corrective disclosure, the price of Paysafe common stock declined $1.58 per share, or more than 15%, from a close of $10.20 per share on August 13, 2021, to close at $8.62 per share on August 16, 2021.

Then, on November 11, 2021, the Company announced its financial results for the third quarter of 2021, including quarterly revenue of $353.6 million—well below even the disappointing guidance provided on August 16, 2021.  Additionally, Defendants provided weak guidance for the fourth quarter of 2021— including quarterly revenue of between $355 million and $365 million, contradicting Defendants' prior claims that the Company's performance would be much stronger in the fourth quarter—and lowered Paysafe's full-year 2021 guidance for revenue, gross profits, and adjusted EBITDA.  Defendants attributed this revised guidance primarily to "[g]ambling regulations and softness in key European markets and performance challenges impacting the Digital Wallet segment," as well as "[t]he modified scope and timing of new eCommerce customer agreements relative to the Company's original expectations for these agreements."  On this news,

4

the price of Company shares declined $3.03 per share, or approximately 41.7%, from a close of $7.27 per share on November 10, 2021, to close at $4.24 per share on November 11, 2021.

## III.    ARGUMENT

### A.    The Related Actions Should Be Consolidated

The PSLRA provides that "[i]f more than one action on behalf of a class asserting substantially the same claim or claims arising under [the Exchange Act] has been filed," courts shall not appoint a lead plaintiff until "after the decision on the motion to consolidate is rendered." 15 U.S.C. § 78u-4(a)(3)(B)(ii).

Here, there are at least two related securities class actions asserting claims under the federal securities laws on behalf of investors:

| Case Caption | Date Filed | Claims/Class Period |
|---|---|---|
| *Wiley v. Paysafe Ltd. f/k/a Foley Trasimene Acquisition Corp. II, et al.*, No. 1:21-cv-10611-AJN-KHP | December 10, 2021 | Sections 10(b) and 20(a) of the Exchange Act; December 7, 2020, through November 10, 2021 |
| *O'Brien v. Paysafe Ltd. f/k/a Foley Trasimene Acquisition Corp. II, et al.*, No. 1:22-cv-00567-AJN-KHP | January 21, 2022 | Sections 10(b) and 20(a) of the Exchange Act; December 7, 2020, through November 10, 2021 |

Consolidation is appropriate under Rule 42(a) where the actions involve common questions of law or fact. *See Omdahl v. Farfetch Ltd.*, No. 19-cv-8657 (AJN), 2020 WL 3072291, at *1 (S.D.N.Y. June 10, 2020) (Nathan, J.) ("[C]ourts in this District frequently consolidate putative securities class actions that overlap . . . .") (citation omitted). Here, the Related Actions assert claims under the Exchange Act against overlapping defendants, across identical class periods, and concerning the same conduct. Accordingly, consolidation is appropriate.

### B.    Mr. Viani and Mr. Price Are the Most Adequate Plaintiff

The PSLRA establishes the procedure for selecting a lead plaintiff in a class action lawsuit asserting claims under the federal securities laws.  *See* 15 U.S.C. § 78u-4(a)(1)-(3)(B)(i).

First, a plaintiff who files the initial action must publish a notice to the class within twenty days of filing the action informing class members of: (1) the pendency of the action; (2) the claims asserted therein; (3) the purported class period; and (4) the right to move the court to be appointed as lead plaintiff within sixty days of the publication of the notice.  *See id*. § 78u-4(a)(3)(A)(i). Within sixty days after publication of the notice, any member or group of members of the proposed class may apply to the court to be appointed as lead plaintiff, whether or not they have previously filed a complaint in the action.  *See id*. § 78u-4(a)(3)(A)-(B).

Second, the PSLRA provides that within ninety days after publication of the notice, the court shall consider any motion made by a class member or group of class members and shall appoint as lead plaintiff the member or group of members of the class that the court determines to be most capable of adequately representing the interests of class members.  *See id*. § 78u-4(a)(3)(B)(i).  In determining the "most adequate plaintiff," the PSLRA provides that the court shall adopt a presumption that the most adequate plaintiff in any private action arising under the PSLRA is the movant or group of movants that:

> (aa) has either filed the complaint or made a motion in response to a notice . . . ;
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

*Id*. § 78u-4(a)(3)(B)(iii)(I).

6

Here, Mr. Viani and Mr. Price are the "most adequate plaintiff" because they: (1) timely moved for appointment as Lead Plaintiff; (2) possess the "largest financial interest in the relief sought by the class"; and (3) "otherwise satisf[y] the requirements of Rule 23" for purposes of this Motion. *Id.*

### 1.    Mr. Viani and Mr. Price's Motion Is Timely

The PSLRA allows any member of the class, or group of class members, to move for appointment as lead plaintiff within sixty days of the publication of notice that the first action has been filed. *See id.* § 78u-4(a)(3)(A)(i)(II). Here, in connection with the filing of the first-filed action, *Wiley v. Paysafe Ltd. f/k/a Foley Trasimene Acquisition Corp. II, et al.*, No. 1:21-cv-10611-AJN-KHP (S.D.N.Y.), notice was published in *Business Wire* on December 10, 2021, alerting investors to the pendency of the action and informing them of the February 8, 2022 deadline to seek appointment as Lead Plaintiff. *See* Amjed Decl., Ex. D. Therefore, Mr. Viani and Mr. Price's Motion is timely.

### 2.    Mr. Viani and Mr. Price Have the Largest Financial Interest in the Relief Sought by the Class

The PSLRA presumes that the movant or group of movants asserting the largest financial interest in the relief sought by the class and who otherwise satisfy the requirements of Rule 23 is the most adequate plaintiff. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii). Here, Mr. Viani and Mr. Price suffered losses of approximately $3,819,459 on a LIFO basis in connection with their Class Period transactions in Paysafe and FTAC securities. *See* Amjed Decl., Exs. A-B. To the best of Mr. Viani and Mr. Price's knowledge, there are no other lead plaintiff movants asserting a larger financial interest in this litigation. Accordingly, Mr. Viani and Mr. Price have the largest financial interest of any qualified movant or group of movants seeking Lead Plaintiff status and are the presumptive "most adequate plaintiff." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

### 3.     Mr. Viani and Mr. Price Satisfy the Requirements of Rule 23

In addition to possessing the largest financial interest in the relief sought by the class, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure" in order to trigger the presumption of adequacy.   *See id*. § 78u-4(a)(3)(B)(iii)(I)(cc).

Rule 23(a) provides that a party or group of parties may serve as a class representative if:

> (1) the class is so numerous that joinder of all members is impracticable;
>
> (2) there are questions of law or fact common to the class;
>
> (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
>
> (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).  At the lead plaintiff selection stage of litigation, "the moving plaintiff must only make a preliminary showing that the adequacy and typicality requirements have been met." *Farfetch*, 2020 WL 3072291, at *3 (citation omitted).

### a)     Mr. Viani and Mr. Price Are Typical

"The typicality requirement 'is satisfied when each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability.'" *Id.* (citation omitted).  Mr. Viani and Mr. Price satisfy the typicality requirement because, just like all other proposed class members, they seek recovery for the losses on their investments in Paysafe and FTAC securities that they incurred as a result of Defendants' misrepresentations and omissions.  Thus, Mr. Viani and Mr. Price's claims arise from the same conduct as those of the other class members and they satisfy Rule 23's typicality requirement.

**b)      Mr. Viani and Mr. Price Are Adequate**

The adequacy element of Rule 23 requires that the Lead Plaintiff "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). In evaluating the movants' adequacy, courts consider whether: "(1) [their choice of] class counsel is qualified, experienced, and generally able to conduct the litigation; (2) there is no conflict between [them] and the members of the class; and (3) . . . [they have] a sufficient interest in the outcome of the case to ensure vigorous advocacy." *Farfetch*, 2020 WL 3072291, at *3 (brackets in original and citation omitted).

Here, Mr. Viani and Mr. Price are adequate because their interest in aggressively pursuing claims against Defendants is aligned with the interests of other class members who were similarly harmed as a result of Defendants' false and misleading statements. There is no antagonism or potential conflict between Mr. Viani and Mr. Price's interests and those of the other members of the class, and Mr. Viani and Mr. Price are fully committed to vigorously pursuing the claims on behalf of the class. Moreover, as set forth in Mr. Viani and Mr. Price's Joint Declaration, both Mr. Viani and Mr. Price fully understand the Lead Plaintiff's responsibilities and obligations to the class under the PSLRA, which include acting as a fiduciary for all class members, staying informed about the litigation, participating in court proceedings, depositions, settlement mediations, and hearings as needed, and reviewing and authorizing the filing of important litigation documents, and are willing and able to undertake these responsibilities to ensure the vigorous prosecution of this litigation. *See* Amjed Decl., Ex. C, ¶¶ 8-9. Additionally, Mr. Viani and Mr. Price are committed to ensuring that this litigation is prosecuted in an efficient and effective manner. To this end, Mr. Viani and Mr. Price participated in a joint conference call to discuss, among other things, the claims against Defendants and their plans to jointly prosecute this litigation, and have arranged to communicate with each other as needed, both with and without

9

counsel, and plan to use consensus decision making to maximize the recovery for the class. *See id.* ¶ 6.

Further, Mr. Viani and Mr. Price have demonstrated their adequacy through their selection of Kessler Topaz to serve as Lead Counsel for the class. As discussed more fully below, Kessler Topaz is highly qualified and experienced in the area of securities class action litigation and has repeatedly demonstrated its ability to prosecute complex actions in an efficient, effective, and professional manner.

### C.    Mr. Viani and Mr. Price's Selection of Lead Counsel Should Be Approved

The PSLRA vests authority in the lead plaintiff to select and retain counsel for the class, subject to the Court's approval. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v). Courts should not disturb the lead plaintiff's choice of counsel unless it is necessary to protect the interests of the class. *See In re Cohen v. U.S. Dist. Ct. for the N. Dist. of Cal.*, 586 F.3d 703, 712 (9th Cir. 2009) ("if the lead plaintiff has made a reasonable choice of counsel, the district court should generally defer to that choice") (citations omitted).

Here, Mr. Viani and Mr. Price have selected and retained Kessler Topaz to serve as Lead Counsel for the class. Kessler Topaz specializes in prosecuting complex class action litigation and is one of the leading law firms in its field. *See* Amjed Decl., Ex. E. The firm is actively engaged in complex litigation and has successfully prosecuted numerous securities fraud class actions on behalf of injured investors and has obtained record recoveries in those cases, including: *In re Tyco International, Ltd. Securities Litigation*, No. 02-md-1335 (PB) (D.N.H.) ($3.2 billion recovery); *In re Bank of America Corp. Securities, Derivative, & Employee Retirement Income Security Act (ERISA) Litigation*, No. 09-md-2058 (PKC) (S.D.N.Y.) ($2.425 billion recovery); *In re Wachovia Preferred Securities & Bond/Notes Litigation*, No. 09-cv-6351 (RJS) (S.D.N.Y.) ($627 million recovery); and *In re Lehman Bros. Equity/Debt Securities Litigation*, No. 08-cv-5523 (LAK)

(S.D.N.Y.) ($615 million recovery).  Kessler Topaz is also currently serving as lead or co-lead counsel in several high profile securities class actions across the country and in this District, including: *Sjunde AP-Fonden v. Goldman Sachs Group, Inc.,* No. 18-cv-12084 (VSB) (S.D.N.Y.); *Sjunde AP-Fonden v. General Electric Co.*, No. 17-cv-8457 (JMF) (S.D.N.Y.); and *In re Kraft Heinz Securities Litigation*, No. 19-cv-1339 (RMD) (N.D. Ill.).

Kessler Topaz's commitment to zealous representation is also evident from its trial experience under the PSLRA.  Specifically, the firm obtained a rare jury verdict in the class's favor after a week-long trial held in 2014 in *In re Longtop Financial Technologies Ltd. Securities Litigation*, No. 11-cv-3658 (SAS) (S.D.N.Y.)—one of just thirteen securities class actions at the time to reach a verdict since enactment of the PSLRA in 1995 (based on post-enactment conduct). The firm also obtained the largest damage award in Delaware Chancery Court history following a trial before Chancellor Leo E. Strine, Jr.  *See In re S. Peru Copper Corp. S'holder Derivative Litig.*, No. 961-CS (Del. Ch.), *aff'd Ams. Mining Corp. v. Theriault*, 51 A.3d 1213, 1262-63 (Del. 2012) (affirming final judgment, with interest, of $2 billion).

Thus, the Court can be assured that the class will receive the highest caliber of legal representation should it approve Mr. Viani and Mr. Price's selection of Kessler Topaz as Lead Counsel for the class.  *See Farfetch*, 2020 WL 3072291, at *3 (approving selection of Kessler Topaz as co-lead counsel and noting that "Kessler Topaz ha[s] litigated numerous large-scale securities class actions in this District to resolution, often obtaining large settlements for represented parties").

## IV.    CONCLUSION

For the reasons set forth above, Mr. Viani and Mr. Price respectfully request that the Court: (1) consolidate the Related Actions; (2) appoint Mr. Viani and Mr. Price as Lead Plaintiff; (3)

11

approve their selection of Kessler Topaz as Lead Counsel for the class; and (4) grant such other relief as the Court may deem just and proper.

Dated:  February 8, 2022

Respectfully submitted,

**KESSLER TOPAZ MELTZER & CHECK, LLP**

*S/ Naumon A. Amjed*
Naumon A. Amjed
Ryan T. Degnan
Karissa J. Sauder
280 King of Prussia Road
Radnor, PA 19087
Telephone: (610) 667-7706
Facsimile: (610) 667-7056
namjed@ktmc.com
rdegnan@ktmc.com
ksauder@ktmc.com

*Counsel for Robert J. Viani and Eric C. Price, as trustee for the Eric C. Price & Kristen B. Hennig-Price Rev. Living Trust UA 05/27/2015, and Proposed Lead Counsel for the Class*

12