# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LISA WILEY, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>PAYSAFE LIMITED f/k/a FOLEY TRASIMENE ACQUISITION CORP. II, RICHARD N. MASSEY, BRYAN D. COY, PHILIP MCHUGH, and ISMAIL (IZZY) DAWOOD,<br><br>Defendants. | Case No. 1:21-cv-10611-AJN-KHP |
| JOHN PAUL O'BRIEN, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>PAYSAFE LIMITED f/k/a FOLEY TRASIMENE ACQUISITION CORP. II, WILLIAM P. FOLEY, II, RICHARD N. MASSEY, BRYAN D. COY, PHILIP MCHUGH, and ISMAIL DAWOOD,<br><br>Defendants. | Case No. 1:22-cv-00567-AJN |

**KUDZANAI MURINGI'S MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION FOR: (1) CONSOLIDATION; (2) APPOINTMENT AS LEAD PLAINTIFF; AND (3) APPROVAL OF LEAD COUNSEL**

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ............................................................................................... 1

FACTUAL BACKGROUND.................................................................................................. 3

ARGUMENT .......................................................................................................................... 5

I.      THE ACTIONS SHOULD BE CONSOLIDATED FOR ALL PURPOSES ..................... 5

II.     MOVANT IS ENTITLED TO BE APPOINTED LEAD PLAINTIFF FOR THE
        CLASS ..................................................................................................................... 6

        A.      The PSLRA Standard For Appointing Lead Plaintiff.................................... 6

        B.      Under the PSLRA, Movant Should be Appointed Lead Plaintiff............................ 7

                1.      Movant Filed a Timely Motion..................................................... 7

                2.      Movant Has the Largest Financial Interest in the Relief Sought by the
                        Class ............................................................................................ 8

                3.      Movant Meets Rule 23's Typicality and Adequacy Requirements ............ 9

III.    MOVANT'S SELECTION OF THE FARUQI FIRM AS LEAD COUNSEL
        SHOULD BE APPROVED ......................................................................................... 11

CONCLUSION.................................................................................................................... 15

i

# TABLE OF AUTHORITIES

**Cases**                                                                                                          **Page(s)**

*Baughman v. Pall Corp.*,
    250 F.R.D. 121 (E.D.N.Y. 2008) ...............................................................................................7, 8, 9

*Blackmoss Invs., Inc. v. ACA Capital Holdings, Inc.*,
    252 F.R.D. 188 (S.D.N.Y. 2008) ...............................................................................................5, 9, 11

*Faris v. Longtop Fin. Techs. Ltd.*,
    No. 11 Civ. 3658(SAS), 2011 WL 4597553 (S.D.N.Y. Oct. 4, 2011) .....................................8

*Foley v. Transocean Ltd.*,
    272 F.R.D. 126 (S.D.N.Y. 2011) ...............................................................................................6

*In re Fuwei Films Sec. Litig.*,
    247 F.R.D. 432 (S.D.N.Y. 2008) ...............................................................................................7, 8, 9

*In re GE Sec. Litig.*,
    No. 09 Civ. 1951 (DC), 2009 WL 2259502 (S.D.N.Y. July 29, 2009) .......................6, 8, 9, 10

*Kaplan v. Gelfond*,
    240 F.R.D. 88 (S.D.N.Y. 2007) .................................................................................................5, 6

*Kokkinis v. Aegean Marine Petroleum Network, Inc.*,
    No. 11 Civ. 0917(BSJ)(JCF), 2011 WL 2078010 (S.D.N.Y. May 19, 2011)............................10

*Levine v. AtriCure, Inc.*,
    508 F. Supp. 2d 268 (S.D.N.Y. 2007)........................................................................................7

*Malcolm v. Nat'l Gypsum Co.*,
    995 F.2d 346 (2d Cir. 1993)......................................................................................................5

*In re Olsten Corp. Sec. Litig.*,
    3 F. Supp. 2d 286 (E.D.N.Y. 1998) ...........................................................................................8

*Pipefitters Local No. 636 Defined Benefit Plan v. Bank of Am. Corp.*,
    275 F.R.D. 187 (S.D.N.Y. 2011) ...............................................................................................10

*Pompano Beach Police & Firefighters' Ret. Sys. v. Comtech Telecomms. Corp.*,
    No. CV-09-3007 (SJF)(AKT), 2010 WL 3909331 (E.D.N.Y. Sept. 29, 2010)........................9

*Quan v. Advanced Battery Techs., Inc.*,
    No. 11 Civ. 2279(CM), 2011 WL 4343802 (S.D.N.Y. Sept. 9, 2011) .....................................10

*Reitan v. China Mobile Games & Entm't Grp.*,
    68 F. Supp. 3d 390 (S.D.N.Y. 2014)..........................................................................................11

ii

*Topping v. Deloitte Touche Tohmatsu CPA, Ltd.*,
   95 F. Supp. 3d 607 (S.D.N.Y. 2015)...................................................................................8, 9

*In re Tronox, Inc. Sec. Litig.*,
   262 F.R.D. 338 (S.D.N.Y. 2009) ........................................................................................5, 7

*Zak v. Chelsea Therapeutics Int'l, Ltd.*,
   780 F.3d 597 (4th Cir. 2015) ................................................................................................12

**Statutes**

15 U.S.C. § 78u-4(a) ........................................................................................... *passim*

Fed. R. Civ. P. 23(a)(4)............................................................................................................10

Fed. R. Civ. P. 42(a) ............................................................................................................2, 5

Anne Cullen,
   More Judges Are Demanding Diversity Among Class Counsel,
   Law360 (July 16, 2020) ........................................................................................................14

Ralph Chapoco,
   Calls for Lawyer Diversity Spread to Complex Class Litigation,
   Bloomberg Law (July 30, 2020) ...........................................................................................14

Kudzanai Muringi ("Movant") respectfully submits this memorandum of law pursuant to § 21D(a)(3)(B) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. §78u-4(a)(3)(B), as amended by Private Securities Litigation Reform Act of 1995 ("PSLRA"), in support of his motion for the entry of an order: (1) consolidating the above-captioned actions ("Actions");[1] (2) appointing Movant as Lead Plaintiff; and (3) approving Movant's selection of the law firm of Faruqi & Faruqi, LLP (the "Faruqi Firm") as Lead Counsel.[2]

## PRELIMINARY STATEMENT

The Actions presently pending before this Court are brought on behalf of those who purchased or otherwise acquired Paysafe Limited ("Paysafe" or the "Company") f/k/a Foley Trasimene Acquisition Corp. II ("FTAC") securities between December 7, 2020 and November 10, 2021, both dates inclusive (the "Class Period"), which seeks to recover damages caused by defendants' violations of the Exchange Act.

As an initial matter, the Court must decide whether to consolidate the Actions. *See* 15 U.S.C. § 78u-4(a)(3)(B)(ii). Pursuant to Rule 42(a)(2) of the Federal Rules of Civil Procedure,

---

[1]     The following two Actions are pending before this Court: (1) *Wiley v. Paysafe Limited f/k/a Foley Trasimene Acquisition Corp. II, et al.*, No. 1:21-cv-10611-AJN-KHP ("*Wiley*"), which was filed on December 10, 2021; and (2) *O'Brien v. Paysafe Limited f/k/a Foley Trasimene Acquisition Corp. II, et al.*, No. 1:22-cv-00567-AJN ("*O'Brien*"), which was filed on January 21, 2022. The *Wiley* Action is brought "on behalf of persons and entities that purchased or otherwise acquired Paysafe securities between December 7, 2020 and November 10, 2021, inclusive . . . . [for claims] against the Defendants under the Securities Exchange Act of 1934[.]" *Wiley*, Class Action Complaint for Violations of the Federal Securities Laws ¶ 1, ECF No. 1 ("*Wiley* Compl."). The *O'Brien* Action is brought "on behalf of a class of all persons and entities that purchased or otherwise acquired Paysafe and/or FTAC securities between December 7, 2020 and November 10, 2021, inclusive . . . [for claims] under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934[.]" *O'Brien*, Class Action Complaint ¶ 1, ECF No. 1 ("*O'Brien* Compl.").

[2]     Unless stated otherwise, the following conventions apply: (1) all citations, internal quotation marks and footnotes are omitted; (2) all emphases are added; and (3) all "Ex. _" references are to the exhibits attached to the Declaration of James M. Wilson, Jr. filed herewith.

the Court may consolidate the actions before it that involve a common question of law or fact. Fed. R. Civ. P. 42(a)(2).  The Actions may be consolidated as they allege violations of §§ 10(b) and 20(a) of the Exchange Act and Securities and Exchange Commission ("SEC") Rule 10b-5, promulgated thereunder.  The Actions also allege claims involving substantially similar facts. As the Actions raise common issues of fact and law, and consolidation will be more efficient for the Court and the parties, the Actions should be consolidated.

With respect to the appointment of a lead plaintiff to oversee the Action, Congress established a presumption in the PSLRA that requires the Court to appoint the "most adequate plaintiff" as the lead plaintiff for the Action. 15 U.S.C. § 78u-4(a)(3)(B)(i). The "most adequate plaintiff" is the person who has the "largest financial interest in the relief" and who also satisfies Rule 23's typicality and adequacy requirements for class representatives. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

With losses of $256,580.62, Movant, to the best of counsel's knowledge, has the largest financial interest in the litigation of any movant. Movant also satisfies Rule 23's typicality and adequacy requirements. Movant's claims are typical of the Class's claims because he suffered losses on his Paysafe/FTAC investment as a result of Defendants' false and misleading statements.  Further, Movant has no conflict with the Class and will adequately protect the Class's interests given his significant stake in the litigation and his conduct to date in prosecuting the litigation, including his submission of the requisite certification and selection of experienced class counsel.  Accordingly, Movant is the presumptive Lead Plaintiff.

Lastly, if appointed Lead Plaintiff, Movant is entitled to select, subject to the Court's approval, lead counsel to represent the Class. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v). Movant has engaged the Faruqi Firm for this purpose. The Faruqi Firm is an appropriate selection to serve as

2

Lead Counsel because it is a highly experienced firm with substantial securities class action experience.

For the reasons summarized above and those explained more fully below, Movant's motion should be granted in its entirety.

**FACTUAL BACKGROUND**[3]

Paysafe is incorporated under the laws of Bermuda, with its principal executive offices located in Bermuda. *Wiley* Compl. at ¶ 15. Paysafe's common shares trade on the New York Stock Exchange ("NYSE") under the symbol "PSFE." *Id*. Prior to the merger, FTAC's common shares traded on the NYSE under the symbol "BFT." *Id*.

FTAC was a special purpose acquisition company ("SPAC") formed for the purpose of effecting a merger, capital stock exchange, asset acquisition, stock purchase, reorganization, or similar business combination. *Id*. at ¶ 22. On December 7, 2020, FTAC announced that it and Paysafe Group Holdings Limited entered into a definitive agreement and plan of merger. *Id*. at ¶ 23. On closing of the transaction, the newly combined company was to operate as Paysafe with its shares trading under the symbol "PSFE." *Id*. Paysafe provides digital commerce solutions, providing advanced capabilities such as digital wallets, alternative payment methods ("APMs"), and digital currency transaction. *Id*. at ¶ 21. The merger was completed on March 30, 2021. *Id*. at ¶ 24.

On December 7, 2020, FTAC issued a press release titled "Foley Trasimene Acquisition Corp. II and Paysafe, A Leading Global Payments Provider Focused on Digital Commerce and

---

[3]     This information comes from the *Wiley* Complaint, but the *O'Brien* Complaint contains substantially similar information.

iGaming, Announce Merger." *Id*. at ¶ 25. The press release highlighted several aspects of Paysafe's business and touted its growth opportunities in a large addressable market. *Id*.

On May 11, 2021, Paysafe issued a press release announcing its first quarter 2021 financial results. *Id*. at ¶ 26. The press release announced, among other things, an increase in revenue of 5% and an increase in total payment volume of 8%. *Id*. The press release also reaffirmed the Company's 2021 yearly outlook. *Id*. Defendant McHugh, the Company's CEO, stated that the company was "well positioned to deliver consistent double-digit growth[.]" *Id*.

On August 16, 2021, Paysafe issued a press release announcing its second quarter 2021 financial results. *Id*. at ¶ 27. The press release announced, among other things, an increase in revenue of 13% and an increase in total payment volume of 41%. *Id*. The Company again reaffirmed its 2021 full year outlook. *Id*.

The Actions allege that Defendants made materially false and/or misleading statements and failed to disclose material adverse facts about the Company's business, operations, and prospects. *Id*. at ¶ 28. Specifically, the Actions allege that Defendants failed to disclose to investors that: (1) Paysafe was being negatively impacted by gambling regulations in key European markets; (2) Paysafe was encountering performance challenges in its Digital Wallet segment; (3) new eCommerce customer agreements were being pushed back; and (4) that, as a result of the foregoing, Defendants' positive statements about the Company's business, operations, and prospects were materially misleading and/or lacked a reasonable basis. *Id*.

The truth emerged on November 11, 2021, when, before the market opened, Paysafe issued a press release titled "Paysafe Reports Third Quarter 2021 Results." *Id*. at ¶ 29. The press release disclosed that Paysafe was revising its 2021 guidance due to "[g]ambling regulations and softness in key European markets and performance challenges impacting the Digital Wallet

4

segment" and "[t]he modified scope and timing of new eCommerce customer agreement relative to the Company's original expectations for these agreements." *Id*. The press release disclosed that the Company would be revising its financial guidance downward for 2021. *Id*. On this news, the Company's share price fell more than 40%, on unusually heavy trading volume.

Through this Action, the Movant seeks to recover for himself and other Class members the substantial losses that were suffered as a result of the Company's material misrepresentations and/or omissions. The Movant has reviewed the complaints filed against Paysafe in the above-captioned Actions and adopts their allegations.

## ARGUMENT

## I.     THE ACTIONS SHOULD BE CONSOLIDATED FOR ALL PURPOSES

The PSLRA provides that, "[i]f more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter has been filed," the court shall not determine the most adequate plaintiff "until after the decision on the motion to consolidate is rendered." 15 U.S.C. § 78u-4(a)(3)(B)(ii) (the PSLRA advises courts to make the decision regarding the appointment of the lead plaintiff for the consolidated action "[a]s soon as practicable after [the consolidation] decision is rendered").

Consolidation is appropriate when the actions before the court involve a common question of law or fact. *See* Fed. R. Civ. P. 42(a); *Malcolm v. Nat'l Gypsum Co.*, 995 F.2d 346, 350 (2d Cir. 1993) (citing *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (2d Cir. 1990)); *In re Tronox, Inc. Sec. Litig.*, 262 F.R.D. 338, 344 (S.D.N.Y. 2009) (consolidating securities class actions); *Blackmoss Invs., Inc. v. ACA Capital Holdings, Inc.*, 252 F.R.D. 188, 190 (S.D.N.Y. 2008) (same). Differences in causes of action, defendants, or the class period do not render consolidation inappropriate if the cases present sufficiently common questions of fact or law, and the differences do not outweigh the interest of judicial economy served by consolidation. *Kaplan*

*v. Gelfond*, 240 F.R.D. 88, 91 (S.D.N.Y. 2007); *see In re GE Sec. Litig.*, No. 09 Civ. 1951 (DC), 2009 WL 2259502, at *2-3 (S.D.N.Y. July 29, 2009) (consolidating actions asserting different claims against different defendants over different class periods).

The Actions at issue here clearly involve common questions of fact and law. The Actions assert claims under the Exchange Act on behalf of investors who were defrauded by Defendants. The Actions allege substantially the same wrongdoing, namely that Defendants issued materially false and misleading statements that artificially inflated the price of Paysafe and/or FTAC securities and subsequently damaged the Class when the Company's stock price crashed as the truth emerged. Consolidation of the Actions is therefore appropriate. *See Kaplan*, 240 F.R.D. at 91-92 (finding consolidation appropriate despite differing class periods where the actions are all "securities fraud claims that arise from a common course of conduct[]").

## II.    MOVANT IS ENTITLED TO BE APPOINTED LEAD PLAINTIFF FOR THE CLASS

### A.    The PSLRA Standard For Appointing Lead Plaintiff

The PSLRA governs the appointment of a lead plaintiff for "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." *See* 15 U.S.C. § 78u-4(a)(l); *see also* 15 U.S.C. § 78u-4(a)(3)(B). It provides that within 20 days of the filing of the action, the plaintiff is required to publish notice in a widely circulated business-oriented publication or wire service, informing class members of their right to move the Court, within 60 days of the publication, for appointment as lead plaintiff. *See Foley v. Transocean Ltd.*, 272 F.R.D. 126, 127 (S.D.N.Y. 2011) (citing 15 U.S.C. § 78u-4(a)(3)(A)).

Under the PSLRA, the Court is then to consider any motion made by class members and is to appoint as lead plaintiff the movant that the Court determines to be "most capable of

adequately representing the interests of class members . . . ." 15 U.S.C. § 78u-4(a)(3)(B)(i).

Further, the PSLRA establishes a rebuttable presumption that the "most adequate plaintiff" is the

person that:

> (aa) has either filed the complaint or made a motion in response to a notice
> [published by a complainant]; (bb) in the determination of the court, has the
> largest financial interest in the relief sought by the class; and (cc) otherwise
> satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *see also Levine v. AtriCure, Inc.*, 508 F. Supp. 2d 268, 276-77

(S.D.N.Y. 2007) (same); *Baughman v. Pall Corp.*, 250 F.R.D. 121, 125 (E.D.N.Y. 2008)

(describing the PSLRA's process for determining the "most adequate plaintiff"); *Tronox*, 262

F.R.D. at 343-44 (same).

Once it is determined who among the movants seeking appointment as lead plaintiff is

the presumptive lead plaintiff, the presumption can be rebutted only upon proof by a class

member that the presumptive lead plaintiff: "(aa) will not fairly and adequately protect the

interests of the class; or (bb) is subject to unique defenses that render such plaintiff incapable of

adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II); *see also In re Fuwei

Films Sec. Litig.*, 247 F.R.D. 432, 436 (S.D.N.Y. 2008); *Baughman*, 250 F.R.D. at 125.

>> **B.      Under the PSLRA, Movant Should be Appointed Lead Plaintiff**

As discussed below, Movant should be appointed Lead Plaintiff because all of the

PSLRA's procedural hurdles have been satisfied, Movant holds the largest financial interest of

any movant, and Movant otherwise satisfies Rule 23's typicality and adequacy requirements.

>> **1.      Movant Filed a Timely Motion**

Pursuant to the PSLRA, the first plaintiff to file a complaint in the action was required to

publish notice within twenty (20) days of its filing.  15 U.S.C. § 78u-4(a)(3)(A)(i). Counsel for

first-filed plaintiff Lisa Wiley published notice of the lead plaintiff deadline via *Business Wire* on

September 14, 2021. *See* Ex. A; *see Faris v. Longtop Fin. Techs. Ltd.*, No. 11 Civ. 3658(SAS), 2011 WL 4597553, at *3 (S.D.N.Y. Oct. 4, 2011) (finding publication in Business Wire sufficient to satisfy the PSLRA's notice requirement).  Consequently, any member of the proposed Class was required to seek to be appointed lead plaintiff within 60 days after publication of the notice, *i.e.*, on or before February 8, 2022. *See* 15 U.S.C. § 78u-4(a)(3)(A)(i)(II). Thus, Movant's motion is timely filed.

Additionally, pursuant to Section 21D(a)(2) of the Exchange Act, Movant timely signed and submitted the requisite certification, identifying all of his relevant Paysafe/FTAC trades during the Class Period, and detailing Movant's suitability to serve as Lead Plaintiff in this case. *See* Ex. B.  The PSLRA's procedural requirements have therefore been met.

### 2. Movant Has the Largest Financial Interest in the Relief Sought by the Class

The PSLRA instructs the Court to adopt a rebuttable presumption that the "most adequate plaintiff" for lead plaintiff purposes is the person with the largest financial interest in the relief sought by the class. *See* 15 U.S.C. § 78u-4 (a)(3)(B)(iii)(I)(bb).

Although the PSLRA is silent as to any definitive methodology courts are to use in determining which movant has the largest financial interest in the relief sought, courts in this Circuit have typically looked to the following four factors in the inquiry: (1) the number of shares purchased by the movant during the Class Period; (2) the number of net shares purchased by the movant during the Class Period; (3) the total net funds expended by the movant during the Class Period; and (4) the approximate losses suffered by the movant. *See Fuwei*, 247 F.R.D. at 437; *Topping v. Deloitte Touche Tohmatsu CPA, Ltd.*, 95 F. Supp. 3d 607, 616 (S.D.N.Y. 2015); *In re Olsten Corp. Sec. Litig.*, 3 F. Supp. 2d 286, 295 (E.D.N.Y. 1998); *Baughman*, 250 F.R.D. at 125; *In re GE*, 2009 WL 2259502, at *4. Courts have placed the most emphasis on the last of the

four factors: the approximate loss suffered by the movant. *See, e.g.*, *Baughman*, 250 F.R.D. at 125; *In re GE*, 2009 WL 2259502, at \*4; *Fuwei*, 247 F.R.D. at 437; *Topping*, 95 F. Supp. 3d at 616.

Overall, during the Class Period, Movant purchased 42,500 net and 145,355 total Paysafe/FTAC shares, expended $301,327.62 in net funds and suffered losses of $256,580.62 attributable to the fraud. *See* Ex. B. Movant is presently unaware of any other movant with a larger financial interest in the outcome of this litigation.

### 3.    Movant Meets Rule 23's Typicality and Adequacy Requirements

The PSLRA also requires that, in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). When assessing a potential lead plaintiff, only Rule 23(a)'s typicality and adequacy requirements are relevant. *See, e.g.*, *Pompano Beach Police & Firefighters' Ret. Sys. v. Comtech Telecomms. Corp.*, No. CV-09-3007 (SJF)(AKT), 2010 WL 3909331, at \*2 (E.D.N.Y. Sept. 29, 2010); *Fuwei*, 247 F.R.D. at 436; *see also Blackmoss*, 252 F.R.D. at 191 ("At this stage of the litigation, the moving plaintiff must only make a preliminary showing that the adequacy and typicality requirements have been met.").

Typicality is established where each class member's claim "arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability." *Blackmoss*, 252 F.R.D. at 191 (quoting *In re Drexel Burnham Lambert Grp., Inc.*, 960 F.2d 285, 291 (2d Cir. 1992)). "However, a lead plaintiff's claims need not be identical to the claims of the class in order to satisfy the preliminary showing of typicality." *Topping*, 95 F. Supp. 3d at 623; *Fuwei*, 247 F.R.D. at 436.

Movant's claims are clearly typical of the Class's claims.  Movant purchased Paysafe/FTAC securities during the Class Period, suffered damages as a result of the Company's false and misleading statements, and therefore can assert the Class's claims against Paysafe and certain of its officers under the federal securities laws. Because the factual and legal bases of Movant's claims are similar to those of the Class's claims, Movant necessarily satisfies the typicality requirement. *See Quan v. Advanced Battery Techs., Inc.*, No. 11 Civ. 2279(CM), 2011 WL 4343802, at *3 (S.D.N.Y. Sept. 9, 2011) (finding movant typical where "he suffered losses as a result of [the company's] false and misleading statements during the same period as the other movants, plaintiffs, and potential class members, and [] he is alleging violations of the same provisions of the [Exchange Act], against the same defendants as the other parties").

With respect to adequacy, Rule 23(a)(4) requires that the representative party will "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). Adequate representation will be found if able and experienced counsel represent the proposed representative, and the proposed representative has no fundamental conflicts of interest with the interests of the class as a whole.  *See Pipefitters Local No. 636 Defined Benefit Plan v. Bank of Am. Corp.*, 275 F.R.D. 187, 190 (S.D.N.Y. 2011) ("In considering the adequacy of a proposed lead plaintiff, a court must consider: (1) whether the lead plaintiff's claims conflict with those of the class; and (2) whether class counsel is qualified, experienced, and generally able to conduct the litigation."); *In re GE*, 2009 WL 2259502, at *5 (Plaintiff "satisfies the adequacy requirement because its interests are aligned with those of the putative class, and it has retained competent and experienced counsel").

As evidenced by the representations in his certification, *see* Ex. B, Movant's interests are perfectly aligned with—and by no means antagonistic to—the Class. *See Kokkinis v. Aegean*

10

*Marine Petroleum Network, Inc.*, No. 11 Civ. 0917(BSJ)(JCF), 2011 WL 2078010, at \*2 (S.D.N.Y. May 19, 2011) (movant's certification evidenced adequacy to serve as lead plaintiff); *see also Blackmoss*, 252 F.R.D. at 191 (same).  Contemporaneously with the filing of the instant motion, Movant has submitted a Declaration with additional information about himself, his work and educational background, and experience investing, clearly demonstrating his adequacy to represent class members. Movant has a master's degree in real estate. Ex. C. He has been investing for approximately twenty-one years, managing his own accounts. *Id.*

Movant has also selected and retained highly competent counsel to litigate the claims on behalf of himself and the Class.  As explained below in Section III, the Faruqi Firm is highly regarded for its experience, knowledge, and ability to conduct complex securities class action litigation.  *See* Ex. D.  Consequently, Movant is more than adequate to represent the Class and has every incentive to maximize the Class's recovery.

In light of the foregoing, Movant respectfully submits that he is the presumptive Lead Plaintiff and should be appointed Lead Plaintiff for the Action.

### III.    MOVANT'S SELECTION OF THE FARUQI FIRM AS LEAD COUNSEL SHOULD BE APPROVED

Pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v), the Lead Plaintiff is entitled to select and retain Lead Counsel for the Class, subject to the Court's approval. Movant has selected the Faruqi Firm to be Lead Counsel for the Class. The Faruqi Firm is a minority-owned and woman-owned law firm, and, as reflected in the firm's resume, possesses extensive experience successfully litigating complex class actions on behalf of plaintiffs, including securities class actions. *See* Ex. D; *see also Reitan v. China Mobile Games & Entm't Grp.*, 68 F. Supp. 3d 390, 401 (S.D.N.Y. 2014) (appointing the Faruqi Firm as sole lead counsel and noting: "Faruqi & Faruqi has extensive experience in the area of securities litigation and class actions.  The firm's

11

resume indicates that it has litigated more than ten prominent securities class actions since its founding in 1995. Faruqi & Faruqi achieved successful outcomes in many of these cases."). For example, the Faruqi Firm has previously obtained significant recoveries for injured investors. *See, e.g., Rudani v. Ideanomics, Inc., et al.*, No. 1:19-cv-06741-GBD (S.D.N.Y.) (where, as sole lead counsel, the firm obtained final approval of $5 million settlement); *In re: Revolution Lighting Technologies, Inc. Securities Litigation*, No. 1:19-cv-00980-JPO (S.D.N.Y.) (where, as sole lead counsel, the firm obtained final approval of $2,083,333.33 settlement); *Sterrett v. Sonim Techs., Inc.*, No. 3:19-cv-06416-MMC (N.D. Cal.) (where, as sole lead counsel, the firm obtained final approval of $2 million settlement); *Larkin v. GoPro, Inc.*, No. 4:16-cv-06654-CW (N.D. Cal. 2019) (where, as sole lead counsel, the firm obtained final approval of $6.75 million settlement); *In re Avalanche Biotechnologies Sec. Litig.*, No. 3:15-cv-03185-JD (N.D. Cal. 2018) (appointed as sole lead counsel in the federal action, and together with lead counsel in a parallel state action, obtained final approval of a $13 million global settlement); *Rihn v. Acadia Pharm., Inc.*, No. 3:15-cv-00575-BTM-DHB (S.D. Cal. 2018) (where, as sole lead counsel, the Faruqi Firm obtained final approval of a $2.925 million settlement); *In re Geron Corp., Sec. Litig.*, No. 3:14-CV-01224-CRB (N.D. Cal. 2017) (where, as sole lead counsel, the Faruqi Firm obtained final approval of a $6.25 million settlement); *In re Dynavax Techs. Corp. Sec. Litig.*, No. 3:13-CV-02796 (CRB) (N.D. Cal. 2016) (where, as sole lead counsel, the Faruqi Firm obtained final approval of a $4.5 million settlement); *McIntyre v. Chelsea Therapeutics Int'l, LTD*, No. 3:12-cv-00213-MOC-DCK (W.D.N.C. 2016) (where, as sole lead counsel, the Faruqi Firm secured the reversal of the district court's dismissal of the action at the Fourth Circuit, *see Zak v. Chelsea Therapeutics Int'l, Ltd.*, 780 F.3d 597 (4th Cir. 2015), and obtained final approval of a $5.5 million settlement); *In re L&L Energy, Inc. Sec. Litig.*, No. 1:13-CV-06704 (AJP) (S.D.N.Y.

12

2015) (where the Faruqi Firm, as co-lead counsel, secured a $3.5 million settlement); *In re Ebix, Inc. Sec. Litig.*, No. 1:11-CV-02400-RWS (N.D. Ga. 2014) (where the Faruqi Firm, as sole lead counsel for the class, secured a $6.5 million settlement); *Shapiro v. Matrixx Initiatives, Inc.*, No. CV-09-1479-PHX-ROS (D. Ariz. 2013) (where the Faruqi Firm, as co-lead counsel for the class, secured a $4.5 million settlement); *In re United Health Grp. Inc. Deriv. Litig.*, No. 27 CV 06-8085 (Minn. 4th Jud. Dist. 2009) (where the Faruqi Firm, as co-lead counsel, obtained a recovery of more than $930 million for the benefit of the Company and negotiated important corporate governance reforms designed to make the nominal defendant corporation a model of responsibility and transparency); *In re Tellium Inc. Sec. Litig.*, No. 3:02-cv-5878-FLW-JJH (D.N.J. 2006) (where the Faruqi Firm, as co-lead counsel, recovered a $5.5 million settlement); *In re Olsten Corp. Sec. Litig.*, No. 0:97-CV-5056-DRH-ETB (E.D.N.Y. 2001) (where the Faruqi Firm, as co-lead counsel, recovered $24.1 million for class members); *Ruskin v. TIG Holdings, Inc.*, No. 1:98-cv-01068-LLS (S.D.N.Y. 2002) (where the Faruqi Firm, as co-lead counsel, recovered $3 million for the class); and *In re Purchase Pro Inc. Sec. Litig.*, No. 2:01-cv-0483-JLQ-PAL (D. Nev. 2006) (where the Faruqi Firm, as co-lead counsel for the class, secured a $24.2 million settlement).

The Faruqi Firm is also currently litigating several prominent securities class actions. *See, e.g., In Re Peloton Interactive, Inc. Sec. Litig.*, No. 1:21-cv-02369-CBA-PK (S.D.N.Y.); *Halman Aldubi Provident and Pension Funds Ltd. v. Teva Pharms. Indus. Ltd.*, No. 20-4660-KSM (E.D. Pa.); *In re Allergan PLC Sec. Litig.*, No. 18 Civ. 12089 (CM) (GWG) (S.D.N.Y.) (appointed sole lead counsel for the class); *Lowthorp v. Mesa Air Group, Inc.*, No. 2:20-cv-00648-MTL (D. Ariz.) (appointed as sole lead counsel for the class); *In re Tahoe Res., Inc. Sec. Litig.*, No. 2:17-cv-01868-RFB-NJK (D. Nev.) (appointed as sole lead counsel for the class); *Liu*

13

*v. Intercept Pharms. Inc.,* No. 1:17-cv-07371-LAK (S.D.N.Y.) (appointed as sole lead counsel for the class); *Lehmann v. Ohr Pharm. Inc.*, No. 1:18-cv-01284-LAP (S.D.N.Y.) (appointed as sole lead counsel for the class); *In re Synergy Pharm., Inc. Sec. Litig.*, No. 1:18-cv-00873-AMD-VMS (E.D.N.Y.) (appointed as co-lead counsel for the class); *In re CV Scis., Inc. Sec. Litig.*, No. 2:18-cv-01602-JAD-BNM (D. Nev.) (appointed as sole lead counsel for the class); *In re Amarin Corp. PLC Sec. Litig.*, No. 3:19-cv-06601-BRM-TJB (D.N.J.) (appointed as co-lead counsel for the class).

The Faruqi Firm is a minority-owned and woman-owned[4] law firm, and, as reflected in the firm's resume, possesses extensive experience successfully litigating complex class actions on behalf of plaintiffs, including securities class actions. The Faruqi Firm has a proven track record of successfully representing its clients in these matters and is nationally recognized for its excellence. Not only does the firm have the experience and expertise necessary to obtain significant successes for its clients, it has a demonstrated commitment to diversity and inclusion that clients and judges increasingly seek from the bar.[5] Class members in securities class actions have diverse backgrounds, and that diversity should be reflected in class counsel. Currently, approximately 40% of the firm's partnership positions are held by women and minorities, and the firm is committed to growing this figure in the coming years. *See* https://www.faruqilaw.com

---

[4]     *See* Ex. E (certificate from Women's Business Enterprise National Council certifying the Faruqi Firm as a woman-owned business) (renewal pending).

[5]     *See* Anne Cullen, More Judges Are Demanding Diversity Among Class Counsel, Law360 (July 16, 2020), https://www.law360.com/articles/1292926/more-judges-are-demanding-diversity-among-class-counsel; Ralph Chapoco, Calls for Lawyer Diversity Spread to Complex Class Litigation, Bloomberg Law (July 30, 2020), https://www.bloomberglaw.com/document/ XA1TPNEG000000?bna_news_filter=social-justice&jcsearch=BNA.

14

/our-attorneys. The Faruqi Firm is proud to be made up of such a diverse group of legal professionals and strongly believes that its clients are better served because of it.

**CONCLUSION**

For the foregoing reasons, Movant respectfully requests that the Court: (1) consolidate the above-captioned actions; (2) appoint him as Lead Plaintiff; (3) approve his selection of the Faruqi Firm as Lead Counsel for the putative Class; and (4) grant such other relief as the Court may deem just and proper.

Dated: February 8, 2022

Respectfully submitted,

**FARUQI & FARUQI, LLP**

By:    _/s/ James M. Wilson, Jr._
       James M. Wilson, Jr.

James M. Wilson, Jr.
Robert W. Killorin (*pro hac vice* forthcoming)
**FARUQI & FARUQI, LLP**
685 Third Avenue, 26th Floor
New York, NY 10017
Telephone: 212-983-9330
Facsimile: 212-983-9331
Email:  jwilson@faruqilaw.com
        rkillorin@faruqilaw.com

15
