**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| LISA WILEY, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>PAYSAFE LIMITED f/k/a FOLEY TRASIMENE ACQUISITION CORP. II, RICHARD N. MASSEY, BRYAN D. COY, PHILIP MCHUGH, and ISMAIL (IZZY) DAWOOD,<br><br>Defendants. | Case No. 21-CV-10611-AJN<br><br>CLASS ACTION |
| JOHN PAUL O'BRIEN, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>PAYSAFE LIMITED f/k/a FOLEY TRASIMENE ACQUISITION CORP. II, WILLIAM P. FOLEY, II, RICHARD N. MASSEY, BRYAN D. COY, PHILIP MCHUGH, and ISMAIL DAWOOD,<br><br>Defendants. | Case No. 22-CV-00567-AJN |

**MEMORANDUM OF LAW IN SUPPORT OF THE**
**MOTION OF RICHARD CAVALIER, SAMIH AJAMI, AND**
**ALEXANDER SOO TO CONSOLIDATE RELATED ACTIONS, FOR**
**APPOINTMENT AS LEAD PLAINTIFF, AND FOR APPROVAL OF COUNSEL**

00674401;V1

Movants Richard Cavalier, Samih Ajami, and Alexander Soo ("Movants") respectfully submit this memorandum of law in support of their motion for: (a) consolidation of the above-captioned related actions pursuant to Federal Rule of Civil Procedure 42(a); (b) appointment as Lead Plaintiff, pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"); and (c) approval of Movants' selection of Bernstein Liebhard LLP ("Bernstein Liebhard") as Lead Counsel for the litigation.

## PRELIMINARY STATEMENT

Presently pending in this District are the two above-captioned related securities class actions (the "Actions") that allege virtually identical violations of the Exchange Act against Paysafe Ltd., f/k/a Foley Trasminine Acquisition Corporation II ("Paysafe" or the "Company") and several of its officers. The Actions were brought on behalf of all persons or entities (the "Class") who purchased Paysafe securities between December 7, 2020 and November 10, 2021, inclusive (the "Class Period"). Movants move to consolidate these Actions pursuant to Federal Rule of Civil Procedure 42(a) as they involve common questions of law and fact.

Under the PSLRA, class action complaints alleging violations of the Exchange Act trigger statutory requirements for selecting the most adequate plaintiff to lead the action. The presumptive lead plaintiff is the movant that has both the largest financial interest in the litigation and has made a *prima facie* showing that it is a typical and adequate class representative under Rule 23 of the Federal Rules of Civil Procedure.

As set forth more fully herein, Movants satisfy these requirements and should be appointed as Lead Plaintiff in the Actions. First, Movants lost $677,559 from their purchases of Paysafe securities during the Class Period. Movants believe that their losses constitute the largest financial interest in the Actions. Second, Movants satisfy the typicality and adequacy

requirements of Fed. R. Civ. P. 23 as their claims are typical of the claims of the Class, they have no interests that are antagonistic to the Class, and they will fairly and adequately represent the interests of the Class. Additionally, Movants selected experienced and qualified counsel that can adequately represent the Class.  Movants also signed a joint declaration (submitted herewith) explaining their backgrounds and how they will litigate the case together.

Accordingly, Movants respectfully request that the Court grant their motion to consolidate the Actions, to appoint them as Lead Plaintiff, and to approve their selection of Bernstein Liebhard LLP as Lead Counsel.[1]

## SUMMARY OF THE COMPLAINTS

On March 30, 2021, Paysafe became a public entity via business combination with FTAC. Plaintiff alleges that throughout the Class Period, Defendants made materially false and/or misleading statements, as well as failed to disclose material adverse facts about the Company's business, operations, and prospects. Specifically, Defendants failed to disclose to investors that: (1) Paysafe was being negatively impacted by gambling regulations in key European markets; (2) Paysafe was encountering performance challenges in its Digital Wallet segment; (3) new eCommerce customer agreements were being pushed back; and (4) as a result of the foregoing, Defendants' positive statements about the Company's business, operations, and prospects were materially misleading and/or lacked a reasonable basis.

On November 11, 2021, before the market opened, Paysafe announced that it was revising its revenue guidance for the full year 2021 downward from a range of $1,530 to $1,550 million to a range of $1,470 to $1,480 million. Paysafe attributed the revision to "[g]ambling regulations and softness in key European markets and performance challenges impacting the

---

[1] Richard Cavalier has been assigned the claims in this action by his wife, Chellen Cavalier.  *See* Seidman Decl. Ex. C.

Digital Wallet segment" and "[t]he modified scope and timing of new eCommerce customer agreements relative to the Company's original expectations for these agreements." On this news, the Company's share price fell $3.03 per share, or more than 40%, to close at $4.24 per share on November 11, 2021, on unusually heavy trading volume.

**ARGUMENT**

## I.    THE RELATED ACTIONS SHOULD BE CONSOLIDATED

Consolidation of related cases is proper where, as here, the actions involve common questions of law and fact such that consolidation would prevent unnecessary cost or delay in adjudication. When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all of the matters at issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay. Fed. R. Civ. P. 42(a).

The PSLRA contemplates consolidation where "more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter has been filed." 15 U.S.C. §78u-4(a)(3)(A)(ii). As such, the PSLRA does not displace the traditional legal standards for consolidation under Fed. R. Civ. P. 42(a).

Each of the Actions alleges substantially similar facts and legal theories. Both allege that Defendants violated the Exchange Act by publicly disseminating false and misleading information to investors. Accordingly, the Actions should be consolidated.

## II.    THE COURT SHOULD APPOINT MOVANTS AS LEAD PLAINTIFF

### A.    The Procedure Required by the PSLRA

The PSLRA establishes a straightforward sequential procedure for selecting a Lead Plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff

class action pursuant to the Federal Rules of Civil Procedure." Sections 21D(a)(1) and (a)(3)(B), 15 U.S.C. §§ 78u-4(a)(1) and (a)(3)(B).

First, the plaintiff who files the initial action must publish a notice (the "Early Notice") to the class within 20 days of filing the action informing putative class members of: (1) the pendency of the action; and (2) their right to file a motion for appointment as Lead Plaintiff within 60 days after publication of the Early Notice. 15 U.S.C. § 78u-4(a)(3)(A)(i). Second, the PSLRA directs courts to consider any motion to serve as lead plaintiff filed by putative class members in response to an Early Notice by the later of: (i) 90 days after publication of the Early Notice; or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B). Finally, in considering any motion to serve as Lead Plaintiff, the Court "shall appoint as lead plaintiff" the "most adequate plaintiff." 15 U.S.C. § 78u-4(a)(3)(B)(i).

The PSLRA provides a "rebuttable presumption" that the "most adequate plaintiff" is the person that:

i)    has either filed the complaint or made a motion in response to an Early Notice;

ii)   in the determination of the court, has the largest financial interest in the relief sought by the class; and

iii)  otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

This presumption "may be rebutted only upon proof" by a putative class member that the presumptively most adequate plaintiff: (1) "will not fairly and adequately protect the interests of the class"; or (2) "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

As set forth *infra*, Movants meet the foregoing criteria, and therefore are entitled to the presumption of being the most adequate lead plaintiff to represent the Class.

### B.      Movants Are the Most Adequate Plaintiffs

Movants respectfully submit that they are presumptively the "most adequate plaintiff" because they have made a motion in response to an Early Notice, they believe they have the largest financial interest in the relief sought by the Class, and they otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure.

### 1.      Movants' Motion is Timely

On December 10, 2021, the Early Notice was published via a widely circulated national business-oriented wire service. *See* Declaration of Joseph R. Seidman, Jr. ("Seidman Decl."), Ex. A.  Accordingly, putative class members had until February 8, 2022, to file their lead plaintiff motions. *See* 15 U.S.C. § 78u-4(a)(3)(A)(i)(II) ("not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff of the purported class.")

Movants timely filed this motion in response to the Early Notice. Movants also filed sworn certifications, pursuant to 15 U.S.C. § 78u-4(a)(2)(A), attesting to their review of one of the complaints in the Actions and their willingness to serve as representatives of the Class, including providing testimony at deposition and trial, if necessary. *See* Seidman Decl., Ex. B. Additionally, Movants have submitted a Joint Declaration describing their backgrounds, attesting that they have conferred about the motion, understand their responsibilities if appointed as lead plaintiff, and wish to pursue this motion jointly for the benefit of the Class.  *See* Seidman Decl., Ex. E. Accordingly, Movants satisfy the first requirement to serve as lead plaintiff for the Class.

00674401;V1                                                    5

**2.      Movants Believe They Have the Largest Financial Interest in the Relief Sought by the Class**

The PSLRA instructs the Court to adopt a rebuttable presumption that the "most adequate plaintiff" is the plaintiff or movant with "the largest financial interest in the relief sought by the class" who "otherwise satisfies the requirements of Rule 23." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

Movants suffered substantial losses of $677,559 in connection with their purchases of Paysafe securities during the Class Period.  *See* Seidman Decl., Ex. D.  Movants are not aware of any other movant that has suffered greater losses in Paysafe securities during the Class Period. Accordingly, Movants believe that they have the largest financial interest in this litigation.

**3.      Movants Meet the Requirements of Fed. R. Civ. P. 23**

"At this stage of the litigation, in determining whether a movant is the presumptive lead plaintiff under the PSLRA, only a *prima facie* showing that the requirements of Rule 23 are met is necessary." *Topping v. Deloitte Touche Tohmatsu CPA*, 95 F. Supp. 3d 607, 623 (S.D.N.Y. 2015) (emphasis in original).  Movants satisfy the adequacy and typicality requirements of Rule 23 of the Federal Rules of Civil Procedure, which are "the only [Rule 23] provisions relevant to a determination of lead plaintiff under the PSLRA." *Id*.

**a.  Movants' Claims Are Typical of Those of the Class**

A lead plaintiff movant is typical of other proposed class members under Rule 23 if "its claims…arise from purchases made in reliance on the same alleged misstatements and omissions that the complainants and other movants base their claims on, and they also seek the same relief, based on the same legal theories." *Kukkadapu v. Embraer S.A.*, 2016 WL 6820734, at *2 (S.D.N.Y. Oct. 20, 2016). Movants' claims are typical of the Class in that they suffered the same injuries as a result of the same, or substantially the same, course of conduct by Defendants; and (ii) base their claims on the same, or substantially the same, legal theories as the Class. *Id.*

00674401;V1                                      6

Here, the questions of law and fact common to the members of the Class and which may affect individual Class members include whether (i) Defendants violated the federal securities laws; and (2) the members of the Class sustained damages and, if so, what is the proper measure of damages. These questions apply equally to Movants as to all members of the Class. Since Movants' claims have the same essential characteristics as those of the other Class members, the typicality requirement is satisfied.

### b.  Movants Will Fairly and Adequately Protect the Interests of the Class

The adequacy requirement, in turn, is satisfied where: "(1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) the class members' interests are not antagonistic to one another; and (3) the plaintiff has sufficient interest in the outcome of the case to ensure vigorous advocacy." *Khunt v. Alibaba Grp. Holding Ltd.*, 102 F. Supp. 3d 523, 536 (S.D.N.Y. 2015).

Movants are an adequate lead plaintiff.  Movants and members of the Class have the same interest: to maximize the recovery from Defendants as a result of the alleged fraud. Because of Movants' substantial financial stake in the litigation, Class members can be assured that Movants have the incentive to vigorously prosecute the claims. *See also* Seidman Decl. Ex. E (Joint Declaration).

Additionally, Movants have demonstrated their adequacy through their selection of Bernstein Liebhard as Lead Counsel for the proposed Class. As discussed more fully below, Bernstein Liebhard is highly qualified and experienced in the area of securities class action litigation and has repeatedly demonstrated its ability to prosecute complex securities class action lawsuits both in this District and nationwide.

## III.   THE COURT SHOULD APPROVE MOVANTS' CHOICE OF COUNSEL

The PSLRA vests authority in the Lead Plaintiff to select and retain Lead Counsel, subject to court approval. 15 U.S.C. § 78u-4(a)(3)(B)(v).

Bernstein Liebhard has extensive experience prosecuting complex securities class actions, such as this one, and is well qualified to represent the Class. *See* Seidman Decl., Ex. F (Firm Résumé of Bernstein Liebhard).  Bernstein Liebhard has frequently been appointed as Lead Counsel or Co-Lead Counsel in securities class action lawsuits since the passage of the PSLRA and has frequently appeared in major actions in numerous courts throughout the country. Some of the firm's most recent Lead Counsel appointments include *Valdes v. Kandi Technologies Group, Inc.*, No. 2:20-cv-06042-LDH-AYS (E.D.N.Y.); *Vitiello et al. v. Bed Bath & Beyond, Inc. et al.*, No. 2:20-cv-04240-MCA-MAH (D.N.J.); and *In re Stellantis N.V. Securities Litigation*, No. 1:19-cv-06770-ERK-VMS (E.D.N.Y.).

Bernstein Liebhard has frequently been appointed as Lead Counsel or Co-Lead Counsel since the passage of the PSLRA, and has frequently appeared in major actions before this and other courts throughout the country. *The National Law Journal* has recognized Bernstein Liebhard for thirteen years as one of the top plaintiffs' firms in the country. In 2016, Bernstein Liebhard was listed for the eleventh consecutive year in *The Legal 500*, a guide to the best commercial law firms in the United States, as well as in *Benchmark Plaintiff: The Definitive Guide to America's Leading Plaintiff Firms & Attorneys* for four consecutive years. Bernstein Liebhard was also selected to the *National Law Journal's* annual "America's Elite Trial Lawyers" list for three consecutive years.

Some of Bernstein Liebhard's outstanding successes include:

- *In re Beacon Associates Litigation*, No. 09 CIV 0777 (LBS) (AJP) (S.D.N.Y. 2013) ($219 million settlement);

- *In re Fannie Mae Securities Litigation*, No. 04-1639 (FJL) (D.D.C. 2013) ($153 million settlement);

- *In re Tremont Securities Law, State Law and Insurance Litigation*, No. 08-CV-11117 (TPG) (S.D.N.Y. 2011) (settlement in excess of $100 million);

- *In re Marsh & McLennan Companies Securities Litigation*, No. 04-CV-8144 (CM) (S.D.N.Y. 2009) ($400 million settlement);

- *In re Royal Dutch/Shell Transport Securities Litigation*, No. 04-374 (JAP) (D.N.J. 2008) (U.S.-based settlement amounting to $166.6 million);

- *In re Freeport-McMoRan Copper & Gold, Inc. Derivative Litigation*, C.A. No. 8145-VCN (Del. Ch. 2015) ($153.5 million settlement in a shareholder derivative action);

- *City of Austin Police Retirement System v. Kinross Gold Corp. et al.*, No. 12-CV-01203-VEC (S.D.N.Y. 2012) ($33 million settlement); and

Further, Bernstein Liebhard partner Stanley Bernstein served as Chairman of the Executive Committee in *In re Initial Public Offering Securities Litigation*, No. 21 MC 92 (SAS) (S.D.N.Y. 2009), one of the largest consolidated securities class actions ever prosecuted, resulting in a $586 million settlement.

## CONCLUSION

For the foregoing reasons, Movants respectfully request that this Court: (1) consolidate the related Actions; (2) appoint them as Lead Plaintiff for the Actions, and all subsequently-filed, related actions; and (3) approve Movants' selection of Bernstein Liebhard as Lead Counsel for the litigation.

Dated:  February 8, 2022                BERNSTEIN LIEBHARD LLP

/s/ Joseph R. Seidman, Jr.

_____

Laurence J. Hasson
Joseph R. Seidman, Jr.
10 East 40th Street
New York, NY  10016
212.779.1414

*Counsel for Movants and Proposed Lead
Counsel for the Proposed Class*

## CERTIFICATE OF SERVICE

I, Joseph R. Seidman, Jr., hereby certify that on November 15, 2021, a true and correct copy of the annexed **MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF RICHARD CAVALIER, SAMIH AJAMI, AND ALEXANDER SOO TO CONSOLIDATE RELATED ACTIONS AND FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF COUNSEL** was served in accordance with the Federal Rules of Civil Procedure with the Clerk of the Court using the CM/ECF system, which will send a notification of such filing to all parties with an email address of record who have appeared and consented to electronic service in this action.

Dated: February 8, 2022                              /s/ Joseph R. Seidman, Jr.
                                                     Joseph R. Seidman, Jr.