**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| LISA WILEY, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>PAYSAFE LIMITED f/k/a FOLEY TRASIMENE ACQUISITION CORP. II, RICHARD N. MASSEY, BRYAN D. COY, PHILIP MCHUGH, and ISMAIL (IZZY) DAWOOD,<br><br>Defendants. | Case No. 1:21-cv-10611-AJN-KHP |
| JOHN PAUL O'BRIEN, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>PAYSAFE LIMITED f/k/a FOLEY TRASIMENE ACQUISITION CORP. II, WILLIAM P. FOLEY, II, RICHARD N. MASSEY, BRYAN D. COY, PHILIP MCHUGH, and ISMAIL DAWOOD,<br><br>Defendants. | Case No. 1:22-cv-00567-AJN |

**MEMORANDUM OF LAW IN SUPPORT OF CAMPBELL CAPITAL MANAGEMENT INC.'S MOTION FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF LEAD COUNSEL**

Campbell Capital Management Inc. ("CCM") respectfully submits this memorandum of law in support of its motion pursuant to the Federal Rules of Civil Procedure and the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, *et seq*. (the "PSLRA") for an Order: (1) consolidating the above-captioned related actions; (2) appointing CCM as Lead Plaintiff under 15 U.S.C. § 78u-4(a)(3)(B); (3) approving CCM's selection of Glancy Prongay & Murray LLP as Lead Counsel pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v); and (4) granting such other relief as the Court may deem to be just and proper (the "Motion").

## I. PRELIMINARY STATEMENT

This is a class action on behalf of persons and entities that purchased or otherwise acquired Paysafe Limited (f/k/a Foley Trasimene Acquisition Corp. II) ("Paysafe" or the "Company") securities between December 7, 2020 and November 10, 2021, inclusive (the "Class Period").

The PSLRA provides that the Court shall appoint the most adequate plaintiff—*i.e.* the plaintiff most capable of adequately representing the interests of class members—as lead plaintiff. The PSLRA also provides a presumption that the movant with the largest financial interest in the relief sought by the class who satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure is the "most adequate plaintiff."

CCM is the "most adequate plaintiff" as defined by the PSLRA and should be appointed as lead plaintiff based on its financial losses suffered as a result of Defendants' wrongful conduct as alleged in this action. In addition, for purposes of this motion, CCM satisfies the relevant requirements of Rule 23 of the Federal Rules of Civil Procedure, as its claims are typical of other class members' claims and it is committed to fairly and adequately representing the interests of the class. Thus, pursuant to the PSLRA's lead plaintiff provision, CCM respectfully submits that it is presumptively the most adequate plaintiff and should be appointed as lead plaintiff for the class.

Additionally, CCM's selection of Glancy Prongay & Murray LLP as lead counsel for the class should be approved because the firm has substantial expertise in securities class actions, and the experience and resources to efficiently prosecute this action.

## II.     FACTUAL BACKGROUND

Paysafe provides digital commerce solutions. Paysafe claims that its solutions extend well beyond the card-based payments functionality of traditional payment vendors by providing the advanced capabilities of digital wallets, alternative payment methods ("APMs") and digital currency transactions.

On November 11, 2021, before the market opened, Paysafe announced that it was revising its revenue guidance for the full year 2021 downward from a range of $1,530 – $1,550 to a range of $1,470 – $1,480. Paysafe attributed the revision to "[g]ambling regulations and softness in key European markets and performance challenges impacting the Digital Wallet segment" and "[t]he modified scope and timing of new eCommerce customer agreements relative to the Company's original expectations for these agreements."

On this news, the Company's share price fell $3.03 per share, or more than 40%, to close at $4.24 per share on November 11, 2021, on unusually heavy trading volume.Paysafe provides financial technology solutions. Paysafe's services purportedly allow merchants and other vendors to conduct electronic commerce across in-store, online, and mobile channels, primarily in Brazil.

The Complaints filed in the above-captioned actions allege that throughout the Class Period the defendants made materially false and misleading statements regarding the Company's business, operations, and compliance policies by failing to disclose: (1) that Paysafe was being negatively impacted by gambling regulations in key European markets; (2) that Paysafe was encountering performance challenges in its Digital Wallet segment; (3) that new eCommerce customer agreements were being pushed back; and (4) that, as a result of the foregoing,

Defendants' positive statements about the Company's business, operations, and prospects were materially misleading and/or lacked a reasonable basis.

As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, the plaintiffs and class members have suffered significant losses and damages.

## III.     PROCEDURAL BACKGROUND

On December 10, 2021, Plaintiff Lisa Wiley commenced the first-filed securities fraud class action lawsuit against Paysafe and certain of its executive officers, captioned *Wiley v. Paysafe Limited, et al*, Case No. 1:21-cv-10611 (the "*Wiley* Action").

On January 21, 2022, Plaintiff John Paul O'Brien filed a substantially similar action, captioned *O'Brien v. Paysafe Limited, et al*, Case No. 22-cv-00567 (the "*O'Brien* Action," and together with the *Wiley* Action, the "Related Actions").

## IV.     ARGUMENT

### A.     The Related Actions Should be Consolidated

Consolidation pursuant to Federal Rule of Civil Procedure 42(a) is proper when actions involve common questions of law and fact. *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (2d Cir. 1990).

Each of the Related Actions presents similar factual and legal issues, as they all involve the same subject matter and present the same legal issues. Each action alleges violations of the Exchange Act, each presents the same or similar theories for recovery, and each is based on the same allegedly wrongful course of conduct. Because these actions arise from the same facts and circumstances and involve the same subject matter, consolidation of these cases under Federal Rule of Civil Procedure 42(a) is appropriate. *See Pipefitters Local No. 636 Defined Ben Plan v. Bank of America Corp.*, 275 F.R.D. 187, 192 (S.D.N.Y. 2011) (Consolidation is appropriate "if

the cases present sufficiently common questions of fact and law, and the differences do not outweigh the interests of judicial economy served by consolidation").

**B.      CCM Should Be Appointed Lead Plaintiff**

The PSLRA provides the procedure for selecting a lead plaintiff in class actions brought under the federal securities laws. The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of class action by the later of (i) 90 days after the date of publication of the notice; or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B). The PSLRA provides a "rebuttable presumption" that the "most adequate plaintiff"—*i.e.*, the plaintiff most capable of adequately representing the interests of the class—is the class member that:

> (aa) has either filed the complaint or made a motion in response to a notice . . . ;
>
> (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). The presumption in favor of appointing a movant as lead plaintiff may be rebutted only upon proof "by a purported member of the plaintiff class" that the presumptively most adequate plaintiff:

> (aa) will not fairly and adequately protect the interest of the class; or
>
> (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

As set forth below, CCM satisfies all of the PSLRA criteria and has complied with all of the PSLRA's requirements for appointment as lead plaintiff. CCM has, to the best of its knowledge, the largest financial interest in this litigation and meets the relevant requirements of

Federal Rule of Civil Procedure 23. In addition, CCM is not aware of any unique defenses Defendants could raise against it that would render it inadequate to represent the class. Accordingly, CCM respectfully submits that it should be appointed lead plaintiff. *See Varghese v. China Shenghuo Pharm. Holdings, Inc.*, 589 F. Supp. 2d 388, 397 (S.D.N.Y. 2008).

### 1. CCM Filed a Timely Motion

CCM has made a timely motion in response to a PSLRA early notice. On December 10, 2021, pursuant to Section 21D(a)(3)(A)(I) of the PSLRA, notice was published in connection with this action. *See* Declaration of Gregory B. Linkh ("Linkh Decl.") Ex. A. Therefore, CCM had sixty days (*i.e.*, until February 8, 2022) to file a motion to be appointed as lead plaintiff. As a purchaser of Paysafe securities during the Class Period, CCM is a member of the proposed class, and has hereby timely filed a motion for appointment as lead plaintiff within sixty days of the notice, in compliance with the PSLRA. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa).

Additionally, as set forth in its PSLRA certification, Clay Campbell, President of CCM, attests that he has reviewed the complaint on CCM's behalf, and that CCM is willing to serve as a representative of the class. *See* Linkh Decl., Ex. B. Accordingly, CCM satisfies the first requirement to serve as lead plaintiff for the class.

### 2. CCM Has the Largest Financial Interest

The PSLRA requires a court to adopt the rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii). At the time of this filing, CCM believes that it has the largest financial interest among class members who filed timely applications for appointment as lead plaintiff and is presumed to be the "most adequate plaintiff."

CCM purchased Paysafe securities during the Class Period on behalf of its clients at prices alleged to be artificially inflated by Defendants' misstatements and omissions, resulting in

financial harm. *See* Linkh Decl., Ex. C. To the best of its knowledge, CCM is not aware of any other class member that has filed a motion for appointment as lead plaintiff who claims a larger financial interest. As such, CCM believes it has the "largest financial interest in the relief sought by the class," and thus satisfies the second PSLRA requirement to be appointed as lead plaintiff for the class. *See Varghese*, 589 F. Supp. 2d at 396.

### 3. CCM Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure

The PSLRA further provides that in addition to possessing the largest financial interest in the outcome of the litigation, a lead plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." *See In re Cendant Corp. Litig.*, 264 F.3d 201, 263 (3d Cir. 2001). Rule 23(a) generally provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interest of the class.

Fed. R. Civ. P. 23(a). In making its determination that a lead plaintiff candidate otherwise satisfies the requirements of Rule 23, "typicality and adequacy of representation are the only provisions [of Rule 23] relevant to the determination." *City of Monroe Employees' Ret. Sys. v. Hartford Fin. Svcs. Group, Inc*. 269 F.R.D. 291, 296 (S.D.N.Y. 2010). At the lead plaintiff stage of the litigation, a movant need only make a preliminary showing that they satisfy Rule 23's typicality and adequacy requirements. *Id*. at 296-97 (*citing In re eSpeed, Inc. Sec. Litig.*, 232 F.R.D. 95, 102 (S.D.N.Y. 2005)); *Kuriakose v. Federal Home Loan Mortg. Co.*, No. 1:08-cv-7281, 2008 WL 4974839, at *5 (S.D.N.Y. Nov. 24, 2008).

### a) CCM's Claims Are Typical

The Rule 23(a) typicality requirement is satisfied when a plaintiff's claims arise from the same event, practice or course of conduct that gives rise to other class members' claims, and plaintiff's claims are based on the same legal theory. *See Kuriakose*, 2008 WL 4974839, at *4. Rule 23 does not require the lead plaintiff to be identically situated with all class members. *Id*.

CCM's claims are typical of the claims asserted by the proposed members of the class. Like all members of the class, CCM alleges that Defendants' material misstatements and omissions concerning Paysafe's business, operations, and financial prospects violated the federal securities laws. CCM, like all members of the class, purchased Paysafe securities on behalf of its clients in reliance on Defendants' alleged misstatements and omissions, and was damaged thereby. Accordingly, CCM's interests and claims are "typical" of the interests and claims of the class.

### b) CCM Is an Adequate Representative

"The adequacy requirement is satisfied where: (1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) there is no conflict between the proposed lead plaintiff and the members of the class; and (3) the proposed lead plaintiff has a sufficient interest in the outcome of the case to ensure vigorous advocacy." *City of Monroe*, 269 F.R.D. at 297.

 CCM has demonstrated its adequacy by retaining competent and experienced counsel with the resources and expertise to efficiently prosecute this action, and its financial losses ensure that it has sufficient incentive to provide vigorous advocacy. *See* Linkh Decl., Ex. C. CCM is not aware of any conflict between its claims and those asserted on behalf of the class. Moreover, Mr. Campbell has submitted a declaration herewith, attesting CCM's adequacy. *See* Linkh Decl., Ex. D. As such, CCM is adequate to represent the class.

**C.     The Court Should Approve Lead Plaintiff's Choice of Counsel**

The PSLRA vests authority in the lead plaintiff to select and retain counsel, subject only to approval of the Court. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v); *Cendant*, 264 F.3d at 274. Thus, the Court should not disturb the lead plaintiff's choice of counsel unless necessary to "protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa). Here, CCM has retained Glancy Prongay & Murray LLP as lead counsel to pursue this litigation on its behalf and will retain the firm as the class's lead counsel in the event it is appointed lead plaintiff. Glancy Prongay & Murray LLP possesses extensive experience in securities class actions and has successfully prosecuted numerous securities fraud class actions on behalf of injured investors, as reflected by the firm's résumé attached to the Linkh Declaration as Exhibit E. Thus, the Court may be assured that, by granting the Motion, the class will receive the highest caliber of legal representation.

**V.     CONCLUSION**

For the foregoing reasons, Campbell Capital Management Inc. respectfully requests that the Court grant its Motion and enter an Order (1) consolidating the Related Actions; (2) appointing CCM as Lead Plaintiff; (3) approving its selection of Glancy Prongay & Murray LLP as Lead Counsel for the class; and (4) granting such other relief as the Court may deem just and proper.

Respectfully submitted,

DATED: February 8, 2022

**GLANCY PRONGAY & MURRAY LLP**

By: *  /s/ Gregory B. Linkh  *
Gregory B. Linkh (GL-0477)
230 Park Ave., Suite 358
New York, NY 10169
Telephone: (212) 682-5340
Facsimile: (212) 884-0988
Email: glinkh@glancylaw.com

Robert V. Prongay
Charles H. Linehan
Pavithra Rajesh
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160

*Counsel for Lead Plaintiff Movant Campbell
Capital Management Inc. and Proposed Lead
Counsel for the Class*


**THE LAW OFFICES OF FRANK R. CRUZ**
Frank R. Cruz
1999 Avenue of the Stars, Suite 1100
Los Angeles, CA 90067
Telephone: (310) 914-5007

*Additional Counsel*

9

**PROOF OF SERVICE**

I, the undersigned say:

I am not a party to the above case and am over eighteen years old.

On February 8, 2022, I served true and correct copies of the foregoing document, by posting the document electronically to the ECF website of the United States District Court for the Southern District of New York, for receipt electronically by the parties listed on the Court's Service List.

I affirm under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on February 8, 2022, at New York, New York.

*/s/ Gregory B. Linkh*
Gregory B. Linkh