**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| LISA WILEY, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>PAYSAFE LIMITED f/k/a FOLEY TRASIMENE ACQUISITION CORP. II, RICHARD N. MASSEY, BRYAN D. COY, PHILIP MCHUGH, and ISMAIL (IZZY) DAWOOD,<br><br>Defendants. | Case No: 1:21-cv-10611-AJN-KHP<br><br><u>CLASS ACTION</u> |
| JOHN PAUL O'BRIEN, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>PAYSAFE LIMITED f/k/a FOLEY TRASIMENE ACQUISITION CORP. II, WILLIAM P. FOLEY, II, RICHARD N. MASSEY, BRYAN D. COY, PHILIP MCHUGH, and ISMAIL DAWOOD,<br><br>Defendants. | Case No. 1:22-cv-00567-AJN-KHP<br><br><u>CLASS ACTION</u> |

**MEMORANDUM OF LAW IN SUPPORT**
**OF THE MOTION OF NECHUMA TEREBELO AND**
**RYAN SCHICK FOR CONSOLIDATION OF ACTIONS, APPOINTMENT**
<u>**AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF COUNSEL**</u>

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................................ 1

FACTUAL BACKGROUND.................................................................................................... 2

ARGUMENT............................................................................................................................ 3

I.    CONSOLIDATION OF THE ACTIONS IS APPROPRIATE ......................................... 3

II.   THE COURT SHOULD APPOINT MOVANTS AS LEAD PLAINTIFF ....................... 4

      A.    The PSLRA's Provisions Concerning the Appointment of Lead Plaintiff............. 4

      B.    Movants Satisfy the Lead Plaintiff Provisions of the PSLRA................................ 6

            1.    Movants Filed a Timely Motion ................................................................. 6

            2.    Movants Have the Largest Financial Interest in the Relief Sought ........... 6

            3.    Movants Meet Rule 23's Typicality and Adequacy Requirements ........... 8

                  a.    Movants' Claims Are Typical of the Claims of the Class .............. 9

                  b.    Movants Are Adequate Representatives....................................... 10

III.  MOVANTS' CHOICE OF COUNSEL SHOULD BE APPROVED.............................. 11

CONCLUSION...................................................................................................................... 12

## TABLE OF AUTHORITIES

**Cases**

*Aude v. Kobe Steel, Ltd.*,
No. 17-CV-10085 (VSB), 2018 U.S. Dist. LEXIS 57591 (S.D.N.Y. Apr. 4, 2018) .................. 8

*Brady v. Top Ships Inc.*,
324 F. Supp. 3d 335 (E.D.N.Y. 2018)..................................................................................... 7

*Burnham v. Qutoutiao Inc.*,
No. 20-cv-6707 (SHS), 2020 U.S. Dist. LEXIS 206752 (S.D.N.Y. Nov. 4, 2020) ................... 4

*Chahal v. Credit Suisse Grp. AG*,
No. 18-CV-02268 (AT)(SN), 2018 U.S. Dist. LEXIS 104185 (S.D.N.Y. June 21, 2018) ......... 7

*Dookeran v. Xunlei Ltd.*,
No. 18-cv-467 (RJS), 2018 U.S. Dist. LEXIS 62575 (S.D.N.Y. Apr. 12, 2018).................. 9, 10

*In re eSpeed, Inc. Sec. Litig.*,
232 F.R.D. 95 (S.D.N.Y. 2005)............................................................................................ 1, 8

*Faig v. BioScrip, Inc.*,
No. 13 Civ. 06922 (AJN), 2013 U.S. Dist. LEXIS 178754 (S.D.N.Y. Dec. 19, 2013) .............. 9

*Foley v. Transocean Ltd.*,
272 F.R.D. 126 (S.D.N.Y. 2011). ......................................................................................... 5, 8

*Kaplan v. S.A.C. Capital Advisors, L.P.*,
311 F.R.D. 373 (S.D.N.Y. 2015) ......................................................................................... 11

*Kristal v. Mesoblast Ltd.*,
No. 20-CV-08430 (PMH), 2020 U.S. Dist. LEXIS 241852 (S.D.N.Y. Dec. 23, 2020) ............. 4

*Nurlybaev v. ZTO Express (Cayman) Inc.*,
No. 17-CV-06130 (LTS)(SN), 2017 U.S. Dist. LEXIS 187238 (S.D.N.Y. Nov. 13, 2017)....... 7

*Omdahl v. Farfetch Ltd.*,
No. 19-cv-8657 (AJN), 2020 U.S. Dist. LEXIS 103935 (S.D.N.Y. June 10, 2020).................. 5

*In re Orion Sec. Litig.*,
No. 08 Civ. 1328 (RJS), 2008 U.S. Dist. LEXIS 55368 (S.D.N.Y. July 7, 2008)..................... 9

*Plumbers, Pipefitters &*
*MES Local Union No. 392 Pension Fund v. Fairfax Fin. Holdings Ltd.*,
No. 11-cv-5097(JFK), 2011 U.S. Dist. LEXIS 117545 (S.D.N.Y. Oct. 12, 2011)..................... 9

*Rauch v. Vale S.A.*,
378 F. Supp. 3d 198 (E.D.N.Y. 2019)..................................................................................... 4

*Weiss v. Friedman, Billings, Ramsey Grp., Inc.*,
  No. 05-cv-04617 (RJH), 2006 U.S. Dist. LEXIS 3028 (S.D.N.Y. Jan. 24, 2006)....................... 7

**Statutes**

15 U.S.C. § 78u-4(a)(3)(A)................................................................................................... 5, 6

15 U.S.C. § 78u-4(a)(3)(B) .................................................................................... *passim*

**Rules**

Fed R. Civ. P. 23 ...................................................................................................... *passim*

Fed. R. Civ. P. 42(a) ............................................................................................................... 4

iii

Movants Nechuma Terebelo and Ryan Schick (together "Movants") hereby respectfully submit this Memorandum of Law in Support of their Motion for Consolidation of Actions, Appointment as Lead Plaintiff, and Approval of Selection of Bragar Eagel & Squire, P.C. ("BES") as Lead Counsel (the "Motion") pursuant to the lead plaintiff provisions of the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), codified as Section 21D(a)(3) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3).

## PRELIMINARY STATEMENT

Presently pending before the Court are two securities class action lawsuits (together, the "Action")[1] brought on behalf of a "Class" consisting of all persons and entities, other than Defendants (as defined below), that purchased or otherwise acquired Paysafe Limited ("Paysafe" or the "Company") and/or Foley Trasimene Acquisition Corp. II ("FTAC") securities between December 7, 2020 and November 10, 2021, inclusive (the "Class Period"). The Action alleges violations of Sections 10(b) and 20(a) of the Exchange Act, 15 U.S.C. §§ 78j(b) and 78t(a), as well as U.S. Securities and Exchange Commission ("SEC") Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5, against Paysafe, certain Company senior officers, and certain former senior officers of FTAC (collectively, "Defendants").

The PSLRA, as amended, 15 U.S.C. § 78u-4(a)(3)(B), provides for the Court to appoint as lead plaintiff the movant that has the largest financial interest in the litigation and has made a *prima facie* showing that he, she, or it is an adequate class representative under Rule 23 of the Federal Rules of Civil Procedure ("Rule 23"). *See In re eSpeed, Inc. Sec. Litig.*, 232 F.R.D. 95, 102 (S.D.N.Y. 2005) ("At the lead plaintiff stage of the litigation, the party moving for lead plaintiff

---

[1] The actions pending in this Court include: *Wiley v. Paysafe Limited., et al.*, Case No. 1:21-cv-10611, filed on December 10, 2021 (the "*Wiley* Action") and *O'Brien v. Paysafe Limited, et al.*, Case No. 1:22-cv-00567, filed on January 21, 2022.

1

of the consolidated action need only make a preliminary showing that it satisfies the typicality and adequacy requirements of Rule 23.") (internal quotations omitted).  Movants lost $330,633.00 as a result of the alleged fraud during the Class Period.[2]  Movants believe that they have the largest financial interest in the outcome of the Action.  Moreover, Movants satisfy the requirements of Rule 23 in that their claims are typical of the claims of the Class, and in that they will fairly and adequately represent the interests of the Class.

Accordingly, the Court should grant Movants' Motion in its entirety.

## FACTUAL BACKGROUND

Paysafe provides digital commerce solutions.  Paysafe claims that its solutions extend well beyond the card-based payments functionality of traditional payment vendors by providing the advanced capabilities of digital wallets, alternative payment methods and digital currency transactions.  ¶¶ 2, 21.[3]

FTAC was a special purpose acquisition company formed for the purpose of effecting a merger, capital stock exchange, asset acquisition, stock purchase, reorganization, or similar business combination with one or more businesses.  ¶¶ 3, 22.

On December 7, 2020, FTAC announced that it and Paysafe Group Holdings Limited had entered into a definitive agreement and plan of merger, and that upon closing of the transaction the newly combined company would operate as Paysafe with its shares list on the New York Stock Exchange under the symbol PSFE.  ¶¶ 4, 23.

---

[2]  Signed certifications identifying Movants' Paysafe and/or FTAC transactions during the Class Period, as required by the PSLRA, as well as a chart identifying their losses, and a joint declaration evidencing their intention to pursue the Action in a cohesive and collaborative manner, are attached to the accompanying Declaration of Melissa A. Fortunato ("Fortunato Decl." or "Fortunato Declaration"), as Exhibits 1, 2, and 3, respectively.

[3] Citations to "¶ __" are to paragraphs of the Class Action Complaint For Violations of the Federal Securities Laws filed on December 10, 2021 in the *Wiley* Action (the "Complaint").  ECF No. 1.  The allegations set forth in the Complaint are incorporated herein by reference.

On March 30, 2021, Paysafe announced that it had completed the merger and that Paysafe was the surviving, public entity. ¶¶ 5, 24.

Throughout the Class Period, Defendants made materially false and/or misleading statements, as well as failed to disclose material adverse facts about the Company's business, operations, and prospects. ¶¶ 25-27. Specifically, Defendants failed to disclose to investors that: (1) Paysafe was being negatively impacted by gambling regulations in key European markets; (2) Paysafe was encountering performance challenges in its Digital Wallet segment; (3) new eCommerce customer agreements were being pushed back; and (4) as a result of the foregoing, Defendants' positive statements about the Company's business, operations, and prospects were materially misleading and/or lacked a reasonable basis. ¶¶ 8, 28.

On November 11, 2021, before the market opened, Paysafe announced that it was revising its revenue guidance for the full year 2021 downward from a range of $1,530 – $1,550 to a range of $1,470 – $1,480. ¶¶ 6, 29. Paysafe attributed the revision to "[g]ambling regulations and softness in key European markets and performance challenges impacting the Digital Wallet segment" and "[t]he modified scope and timing of new eCommerce customer agreements relative to the Company's original expectations for these agreements." *Id.*

On this news, the Company's share price fell $3.03 per share, or more than 40%, to close at $4.24 per share on November 11, 2021, on unusually heavy trading volume. ¶¶ 7, 30.

## ARGUMENT

### I.  CONSOLIDATION OF THE ACTIONS IS APPROPRIATE

The PSLRA provides that "[i]f more than one action on behalf of a class asserting substantially the same claim or claims arising under this [sub-chapter] has been filed," the court shall not make the determination of the most adequate plaintiff until "after the decision on the

3

motion to consolidate is rendered." 15 U.S.C. § 78u-4(a)(3)(B)(ii). Thereafter, the court "shall appoint the most adequate plaintiff as lead plaintiff for the consolidated actions." *Id.*

Under the Federal Rules of Civil Procedure, consolidation is appropriate when the actions involve common questions of law or fact. *See* Fed. R. Civ. P. 42(a). Courts have taken the view that considerations of judicial economy favor consolidation. *Rauch v. Vale S.A.*, 378 F. Supp. 3d 198, 204 (E.D.N.Y. 2019) ("Consolidation is a valuable and important tool of judicial administration that should be invoked to expedite trial and eliminate unnecessary repetition and confusion.") (internal quotations omitted). Consolidation is particularly appropriate in securities class action litigation. *Burnham v. Qutoutiao Inc.*, No. 20-cv-6707 (SHS), 2020 U.S. Dist. LEXIS 206752, at *4 (S.D.N.Y. Nov. 4, 2020) ("In securities class actions where the complaints are based on the same public statements and reports, consolidation is appropriate as long as it would not prejudice the defendants.") (citation and internal quotations omitted); *Kristal v. Mesoblast Ltd.*, No. 20-CV-08430 (PMH), 2020 U.S. Dist. LEXIS 241852, at *4 (S.D.N.Y. Dec. 23, 2020). Courts, therefore, routinely find that consolidating multiple securities cases is an efficient solution where the complaints arise generally from the same alleged false and misleading statements.

The actions here present similar factual and legal issues, as they each involve the same subject matter and are based on the same wrongful course of conduct. Because they arise from the same facts and circumstances and involve the same subject matter, the same discovery and similar class certification issues will be relevant to all related actions. Accordingly, consolidation under Rule 42(a) is appropriate. *Burnham*, 2020 U.S. Dist. LEXIS 206752, at *4.

## II.   THE COURT SHOULD APPOINT MOVANTS AS LEAD PLAINTIFF

### A.   The PSLRA's Provisions Concerning the Appointment of Lead Plaintiff

The PSLRA mandates that the Court decide the lead plaintiff issue "as soon as practicable." 15 U.S.C. § 78u-4(a)(3)(B)(ii). The PSLRA establishes the procedure for appointment of the lead

plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure."  15 U.S.C. §§ 78u-4(a) and (a)(3)(B).

First, the PSLRA provides that (1) the pendency of the action must be publicized in a widely circulated national business-oriented publication or wire service not later than 20 days after the filing of the first complaint, and (2) any class member may move for appointment as Lead Plaintiff within 60 days after the date on which the notice is published.  15 U.S.C. § 78u-4(a)(3)(A); *see Foley v. Transocean Ltd.*, 272 F.R.D. 126, 127 (S.D.N.Y. 2011).

Under 15 U.S.C. § 78u-4(a)(3)(B)(i), the Court will, no later than 90 days after the date on which a notice is published, consider any motion filed by any purported class member in response to the notice and appoint as lead plaintiff the movant that the court determines to be "most capable of adequately representing the interests of class members."  *Id*.  The PSLRA provides a presumption that the most "adequate plaintiff" to serve as lead plaintiff is the "person or group of persons" that:

> (aa)  has either filed the complaint or made a motion in response to a notice;
>
> (bb)  in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc)  otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *see also Omdahl v. Farfetch Ltd.*, No. 19-cv-8657 (AJN), 2020 U.S. Dist. LEXIS 103935, at *6 (S.D.N.Y. June 10, 2020).  The presumption may be rebutted only upon proof by another class member that the presumptive most adequate plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class."  15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa), (bb).

As set forth below, Movants have complied with the procedural prerequisites of the PSLRA and have, what is to the best of their knowledge, the largest financial interest in the litigation of any other Class member(s) seeking appointment as lead plaintiff.  Movants are also unaware of any unique defenses against them that Defendants could raise.  Therefore, Movants are entitled to the presumption that they are the most adequate plaintiff to represent the Class and, as a result, should be appointed lead plaintiff in the Action.

### B.    Movants Satisfy the Lead Plaintiff Provisions of the PSLRA

As described in further detail below, Movants should be appointed lead plaintiff because they satisfy all of the requirements of the PSLRA.  Movants filed a timely motion to be appointed lead plaintiff, hold the largest financial interest in the relief sought by the Class, and satisfy the typicality and adequacy requirements of Rule 23.

#### 1.    Movants Filed a Timely Motion

Pursuant to 15 U.S.C. § 78u-4(a)(3)(A)(i), the plaintiff in the *Wiley* Action, the first-filed action, published notice of the pendency of the action on December 10, 2021, within 20 days of the filing of the Complaint, through *Business Wire*, a widely circulated national business-oriented wire service.  *See* Fortunato Decl., Ex. 4.  The notice informed members of the proposed Class of the 60-day deadline to seek appointment as lead plaintiff, which is February 8, 2022.  *See id.*; 15 U.S.C. § 78u-4(a)(3)(A) and (B).  Pursuant to the PSLRA and within the requisite time frame after publication of the required notice, Movants timely move this Court to be appointed lead plaintiff on behalf of all members of the Class.

#### 2.    Movants Have the Largest Financial Interest in the Relief Sought

According to 15 U.S.C. § 78u-4(a)(3)(B)(iii), the Court shall adopt the rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class."  As demonstrated herein, Movants have

6

the largest known financial interest in the relief sought by the Class. *See* Fortunato Decl., Ex. 2 (Loss Chart). The movant who has the largest financial interest in this litigation and meets the adequacy and typicality requirements of Rule 23 is presumptively the lead plaintiff. *See Brady v. Top Ships Inc.*, 324 F. Supp. 3d 335, 344-45, 349-50 (E.D.N.Y. 2018); *Chahal v. Credit Suisse Grp. AG*, No. 18-CV-02268 (AT)(SN), 2018 U.S. Dist. LEXIS 104185, at *5-6 (S.D.N.Y. June 21, 2018) ("In deciding which proposed lead plaintiff has 'the largest financial interest in the relief sought by the class,' courts in this district tend to consider four criteria, known as the Lax factors . . . . Courts generally find the fourth factor, [net loss suffered], to be the most compelling.") (internal citations omitted; emphasis in original); *Nurlybaev v. ZTO Express (Cayman) Inc.*, No. 17-CV-06130 (LTS)(SN), 2017 U.S. Dist. LEXIS 187238, at *3 (S.D.N.Y. Nov. 13, 2017) (same); *Weiss v. Friedman, Billings, Ramsey Grp., Inc.*, No. 05-cv-04617 (RJH), 2006 U.S. Dist. LEXIS 3028, at *14 (S.D.N.Y. Jan. 24, 2006) ("We believe that the best yardstick by which to judge 'largest financial interest' is the amount of loss, period.").

Under the PSLRA, damages are calculated based on (i) the difference between the purchase price paid for the shares and the average trading price of the shares during the 90-day period beginning on the date the information correcting the misstatement was disseminated, or (ii) the difference between the purchase price paid for the shares and the average trading price of the shares between the date when the misstatement was corrected and the date on which the plaintiff sold their shares, if they sold their shares before the end of the 90-day period. 15 U.S.C. § 78u-4(e).

Within the Class Period, Movants purchased Paysafe securities in reliance upon the materially false and misleading statements issued by Defendants and were injured thereby. Movants have suffered substantial losses of $330,633.00 under a last-in-first-out ("LIFO") analysis as a result of Defendants' alleged misstatements and omissions. *See eSpeed*, 232 F.R.D. at 101

(noting that courts prefer losses to be calculated under LIFO); *Transocean*, 272 F.R.D. at 129; *see also* Fortunato Declaration, Ex. 2 (Loss Chart). Movants, thus, have a significant financial interest in the outcome of this Action. To the best of Movants' knowledge, there are no other applicants who have sought, or are seeking, appointment as lead plaintiff that have a larger financial interest and also satisfy Rule 23.

### 3.    Movants Meet Rule 23's Typicality and Adequacy Requirements

Pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(iii), in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). Rule 23(a) provides that a class may be certified only if the following four requirements are satisfied: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative party are typical of the claims or defenses of the class; and (4) the representative party will fairly and adequately protect the interests of the class.

Of these four prerequisites, only two—typicality and adequacy—directly address the personal characteristics of the lead plaintiff movant. Consequently, in deciding a lead plaintiff motion, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a) and defer examination of the remaining requirements until a class certification motion is filed. *See Aude v. Kobe Steel, Ltd.*, No. 17-CV-10085 (VSB), 2018 U.S. Dist. LEXIS 57591, at *8 (S.D.N.Y. Apr. 4, 2018) ("The parties moving for lead plaintiff are only required to make a prima facie showing that they meet Rule 23, and courts need only consider the typicality and adequacy requirements."); *Faig v. BioScrip, Inc.*, No. 13 Civ. 06922 (AJN), 2013 U.S. Dist. LEXIS 178754, at *8-9 (S.D.N.Y. Dec. 19, 2013) ("At this stage of the litigation, a moving plaintiff must only make a preliminary showing that the adequacy and typicality requirements have been met.").

As detailed below, Movants satisfy both the typicality and adequacy requirements of Rule 23, thereby justifying their appointment as lead plaintiff.

### a.      Movants' Claims Are Typical of the Claims of the Class

Under Rule 23(a)(3), the claims or defenses of the representative parties must be typical of those of the class.  A plaintiff satisfies the typicality requirement if the plaintiff has:  (1) suffered the same injuries as the absent class members; (2) the injuries are as a result of the same course of conduct by defendants; and (3) the plaintiff's claims are based on the same legal issues that prove the defendant's liability.  *See BioScrip*, 2013 U.S. Dist. LEXIS 178754, at *8.  "The lead plaintiff's claims, however, 'need not be identical' to the claims of the class to satisfy this requirement."  *Id*. at *9; *see also In re Orion Sec. Litig*., No. 08 Civ. 1328 (RJS), 2008 U.S. Dist. LEXIS 55368, at *12 (S.D.N.Y. July 7, 2008) ("The possibility of factual distinctions between the claims of the named plaintiffs and those of other class members does not destroy typicality, as similarity of legal theory may control even in the face of differences of fact.").

In this case, the typicality requirement is met because Movants' claims are identical to, and neither compete nor conflict with, the claims of the other Class members.  *See Dookeran v. Xunlei Ltd.*, No. 18-cv-467 (RJS), 2018 U.S. Dist. LEXIS 62575, at *7 (S.D.N.Y. Apr. 12, 2018) (finding typicality requirement "easily met" when proposed lead plaintiff "asserted that it purchased [the company's] securities during the class period and was injured by false and misleading representations made by defendants") (quoting *Plumbers, Pipefitters & MES Local Union No. 392 Pension Fund v. Fairfax Fin. Holdings Ltd.*, No. 11-cv-5097(JFK), 2011 U.S. Dist. LEXIS 117545, at *5 (S.D.N.Y. Oct. 12, 2011)).  Movants, like the other members of the Class, acquired Paysafe and/or FTAC securities during the Class Period at prices artificially inflated by Defendants' materially false and misleading statements, and were damaged thereby.  Thus, Movants' claims are typical, if not identical, to those of the other members of the Class because

9

Movants suffered losses similar to those of other Class members and those losses were a result of Defendants' common course of wrongful conduct.  Accordingly, Movants satisfy the typicality requirement of Rule 23(a)(3) for the purposes of this Motion.  *See Xunlei*, 2018 U.S. Dist. LEXIS 62575, at *7.

### b.        Movants Are Adequate Representatives

Movants are also adequate representatives for the Class.   Under Rule 23(a)(4), representative parties must "fairly and adequately protect the interests of the class."  Adequate representation will be found if:  "(1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) there is no conflict between the proposed lead plaintiff and the members of the class; and (3) the proposed lead plaintiff has a sufficient interest in the outcome of the case to ensure vigorous advocacy."  *Xunlei*, 2018 U.S. Dist. LEXIS 62575, at *6 (internal citation omitted).  The PSLRA directs the Court to limit its inquiry regarding the adequacy of the movant to whether the interests of the movant are clearly aligned with the members of the putative class and whether there is evidence of any antagonism between the interests of a movant and other members of the class.  15 U.S.C. § 78u-4(a)(3)(B).

Movants meet the requirements under Rule 23(a)(4) to fairly and adequately protect the interests of the putative Class.  Not only is there no evidence of conflict between the interests of Movants and those of the other members of the putative Class, but Movants have a significant and compelling interest in prosecuting the Action based on the large financial loss incurred as a result of the wrongful conduct alleged therein.  *See Xunlei*, 2018 U.S. Dist. LEXIS 62575, at *7 (movant's "substantial losses provide a sufficient incentive to vigorously litigate this case"). Indeed, Movants have already taken steps that demonstrate that they recognize and will protect the interests of the Class, including:  (1) executing a certification detailing their Class Period transactions and expressing their willingness to serve as Class representatives; (2) moving this

10

Court to be appointed lead plaintiff; and (3) retaining competent and experienced counsel, who, as shown below, are experienced in class action litigation such as this involving allegations of securities violations. Therefore, Movants will prosecute the Action vigorously on behalf of the Class.

Accordingly, at this stage of the proceedings, Movants have made the preliminary showing necessary to satisfy the typicality and adequacy requirements of Rule 23 and therefore satisfy 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). In addition, because Movants sustained the largest losses from Defendants' alleged wrongdoing, Movants are the presumptive lead plaintiff in accordance with 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I) and should be appointed as such to lead the Action.

### III.    MOVANTS' CHOICE OF COUNSEL SHOULD BE APPROVED

Pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v), the PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to the Court's approval. 15 U.S.C. § 78u-4(a)(3)(B)(v); *Kaplan v. S.A.C. Capital Advisors, L.P.*, 311 F.R.D. 373, 383 (S.D.N.Y. 2015) ("The PSLRA 'evidences a strong presumption in favor of approving a properly-selected lead plaintiff's decisions as to counsel selection and counsel retention.'") (internal citation omitted). The Court should interfere with the lead plaintiff's selection only when necessary to "protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa). Here, Movants have selected and retained BES as proposed Lead Counsel for the Class.

As set forth in its accompanying firm résumé (Fortunato Decl., Ex. 5), BES is highly accomplished, and is currently acting as lead counsel, in a number of federal securities actions and has achieved many multi-million-dollar recoveries for investors. The members of BES have extensive experience in successfully prosecuting complex securities class actions such as this and are well-qualified to represent the Class. Thus, this Court may be assured that if the instant Motion is granted, the members of the Class will receive the highest caliber of legal representation.

11

## CONCLUSION

For the foregoing reasons, Movants respectfully request that the Court:  (1) consolidate the actions; (2) appoint Nechuma Terebelo and Ryan Schick as Lead Plaintiff on behalf the Class; (3) approve Movants' selection of BES as Lead Counsel for the Class; and (4) grant such other and further relief as the Court may deem just and proper.

DATED: February 8, 2022                    Respectfully submitted,


                                           **BRAGAR EAGEL & SQUIRE, P.C.**

                                           By: */s/ Melissa A. Fortunato*
                                           Melissa A. Fortunato
                                           Marion C. Passmore
                                           810 Seventh Avenue, Suite 620
                                           New York, NY 10019
                                           Telephone:  (212) 308-5858
                                           Facsimile:  (212) 214-0506
                                           Email:  fortunato@bespc.com
                                                   passmore@bespc.com

                                           *Counsel for Movants and Proposed*
                                           *Lead Counsel for the Class*


12

## <u>CERTIFICATE OF SERVICE</u>

I, Melissa A. Fortunato, hereby certify that this document was filed through the CM/ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing on this 8th day of February, 2022.

/s/ Melissa A. Fortunato
Melissa A. Fortunato

13