# EXHIBIT 3

**JOINT DECLARATION IN SUPPORT OF NECHUMA TEREBELO AND RYAN SCHICK'S MOTION FOR CONSOLIDATION OF ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF LEAD COUNSEL**

We, the undersigned, pursuant to 28 U.S.C. § 1746, declare as follows:

1.     We, Nechuma Terebelo and Ryan Schick (together, "Movants"), respectfully submit this Joint Declaration in support of our Motion for Consolidation of Actions, Appointment as Lead Plaintiff, and Approval of Selection of Lead Counsel (the "Joint Declaration"). We each have personal knowledge about the information contained in this Joint Declaration as to ourselves.

2.     We are each informed of and understand the requirements of serving as lead plaintiff pursuant to the Private Securities Litigation Reform Act of 1995 (the "PSLRA"). We understand that each of us could have chosen to pursue individual actions, individual motions for appointment as lead plaintiff, or taken no action and remained absent class members. However, we have decided to move for lead plaintiff in this case jointly because we believe that combining our collective resources and knowledge will best serve the Class.[1]

3.     I, Nechuma Terebelo, as reflected in my Certification, purchased Paysafe and/or FTAC securities between December 7, 2020 and November 10, 2021, inclusive (the "Class Period") and suffered a substantial loss as a result of the violations of the federal securities laws alleged in the Action (defined below). I am motivated to recover this loss for my own benefit and the benefit of all members of the Class. I have over three years of investing experience and I reside in Monsey, New York. I am currently employed as a salesman. I decided to seek

---

[1]   The "Class" consists of all persons and entities, other than defendants, that purchased or otherwise acquired Paysafe Limited ("Paysafe" or the "Company") and/or Foley Trasimene Acquisition Corp. II ("FTAC") securities between December 7, 2020 and November 10, 2021, inclusive.

appointment as lead plaintiff with Ryan Schick after learning of his motivation to recover on behalf of investors and that we were each in discussions with our counsel to pursue claims on behalf of the Class.

4. I, Ryan Schick, as reflected in my Certification, purchased Paysafe and/or FTAC securities during the Class Period and suffered a substantial loss as a result of the violations of the federal securities laws alleged in the Action. I am motivated to recover this loss for my own benefit and the benefit of all members of the Class. I have over fourteen years of investing experience and I reside in Littleton, Colorado. I have a Bachelor's degree in Business Marketing and I am the owner of a car dealership and auto brokerage. I decided to seek appointment as lead plaintiff with Nechuma Terebelo after learning of his motivation to recover on behalf of investors and that we were each in discussions with our counsel to pursue claims on behalf of the Class.

5. On December 10, 2021, Lisa Wiley filed a putative class action in the United States District Court for the Southern District of New Yor (Case No. 1:21-cv-10611), on behalf of all those who purchased or otherwise acquired Paysafe securities during the Class Period, seeking relief for violations of Sections 10(b) and 20(a) of the Exchange Act of 1934 (the "Exchange Act") against Paysafe; Paysafe's Chief Executive Officer ("CEO") and Chief Financial Officer ("CFO"); and, the CEO and CFO of FTAC prior to the merger with Paysafe (the "*Wiley* Action").

6. Then, on January 21, 2022, John Paul O'Brien, filed a substantially similar action in the United States District Court for the Southern District of New York (Case No. 1:22-cv-00567), on behalf the Class and alleging similar claims for violations of Sections 10(b) and 20(a) of the Exchange Act against Paysafe; the Company's CEO and CFO; the CEO and CFO of FTAC prior to the merger with Paysafe; and, the Chairman of FTAC and Paysafe (together with the *Wiley* Action, the "Action").

2

7.      We believe that we will provide exemplary representation to the Class of investors who purchased or otherwise acquired Paysafe securities during the Class Period.  Upon learning of each other's interest seeking appointment of lead plaintiff in this matter through our counsel, we communicated with one another and our counsel on Tuesday, February 8, 2022, at approximately 2:00 PM EST, where we discussed among other things:  the allegations and the strength of the claims against defendants; a strategy for prosecuting the Action; the role of the lead plaintiff and the lead plaintiff selection and litigation process; the benefits that the Class would receive from the leadership of two like-minded investors like us; a shared desire to achieve the best possible result for the Class; our interests in prosecuting the case in a collaborative, likeminded manner; attorney's fees, and the actions that we will take to continue to ensure that the claims will be zealously and efficiently litigated.

8.      We are like-minded investors who contacted and retained Bragar Eagel & Squire, P.C. ("BES").  We believe that the allegations against Paysafe are meritorious and that the Class will benefit from having two highly motivated Paysafe shareholders who suffered damages as a result of the alleged violations.

9.      We each understand that, if appointed, we would owe a fiduciary duty to the Class to provide effective representation and to ensure that lead counsel effectively litigates the Action. Each of us understands that if we are appointed as lead plaintiff, we will owe a duty to the putative Class to provide fair and adequate representation, oversee counsel, and obtain the largest possible recovery against all culpable parties consistent with good faith and vigorous advocacy.  Each of us will do our best to maximize the recovery for the Class.

10.      If appointed as lead plaintiff, we agree to actively manage the prosecution of the Action including reviewing documents, having joint calls, discussing through email any

3

developments, participating in discovery, and exercising joint decision-making to execute a strategy to maximize the recovery of the entire Class. We are confident in our ability to reach joint decisions regarding litigation matters. We agree that we will share our perspectives, experiences, and resources and will remain actively involved to ensure the Class is afforded the highest degree of representation.

11.    Given our obligations to the Class and our shared common interest in maximizing the recovery for all investors, we fully expect to reach a consensus regarding litigation decisions. However, in the unlikely event that a disagreement arises, we agree that our respective voting power will be determined in proportion to the amount of losses suffered by each group member.

12.    We select BES to serve as Lead Counsel on behalf of the Class and believe BES has the experience and ability to effectively and expeditiously bring the Action to a close and achieve a strong recovery on behalf of the Class. We are familiar with the experience, resources, and successes of our proposed Lead Counsel, BES. We are well aware that BES is an accomplished law firm with a history of achieving significant settlements and corporate governance reforms with defendants. Indeed, we believe that the firm's prior experience of effectively litigating complex class actions lawsuits will provide comfort that the proposed Class will receive the best possible representation. We also believe that BES will vigorously prosecute the Action in a cost-effective manner and in the best interests of all members of the putative Class.

13.    It is our goal to resolve the Action in an expeditious manner that is fair to all members of the Class. Through supervision of our chosen counsel, BES, we will ensure that the Action is prosecuted for the benefit of the Class in an efficient and effective manner. In that regard, we will direct BES to prosecute the Action in such a way to achieve a fair result for all members of the Class.

14.    We have implemented communication procedures to ensure that we can quickly communicate and make decisions on short notice.  We understand that we may call for a meeting or conference call at any time, including on an emergency basis if necessary.  We understand that meetings, conference calls, and communications may be conducted without counsel.  We agree to contact one another when necessary to facilitate the best interests of the Class and to prosecute the Action.  We do not foresee any problems communicating with one another or staying abreast of the progress of the litigation.  Further, we agree to quarterly communications with one another and our counsel to discuss the progress of the litigation and have requested our counsel to provide us with regular status reports.

15.    We have also directed counsel to keep us informed of any developments in the Action—including any developments in the lead plaintiff proceedings.  To this end, we will continue to direct lead counsel and oversee the prosecution of the Action for the benefit of the Class by reviewing pleadings, orders, and motion papers and conferring amongst ourselves.  Further, we agreed that we will make ourselves available to personally travel for any appearances, depositions, settlement hearings, and other necessary meetings to facilitate the prosecution of the Action.

16.    We, Nechuma Terebelo and Ryan Schick, hereby reaffirm our commitment to satisfying the fiduciary duties that we will owe to the Class if appointed as Lead Plaintiff, including conferring with counsel regarding litigation strategy, attending court proceedings and depositions, if necessary, and reviewing documents, pleadings, and motions in the Action.  Our main goal is obtaining the largest recovery possible for the Class.

I, Nechuma Terebelo, declare, pursuant to 28 U.S.C. §1746, under the penalty of perjury

under the laws of the United States of America that the foregoing is true and correct.

Executed this _____ day of February, 2022.

_____
Nechuma Terebelo (Feb 8, 2022 16:12 EST)

Nechuma Terebelo

I, Ryan Schick, declare, pursuant to 28 U.S.C. §1746, under the penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this ___8th___ day of February, 2022.



Ryan Schick (Feb 8, 2022 14:04 MST)

Ryan Schick