# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
                    :
                    :
                    :    **ORDER DENYING MOTION**
                    :    **FOR RECONSIDERATION**
*In re Sesen Bio, Inc. Securities Litigation*    :
                    :    21 Civ. 7025 (AKH)
                    :
                    :
------------------------------------------------------------- :

ALVIN K. HELLERSTEIN, U.S.D.J.:

In the above-captioned action, nine individuals and groups sought appointment as lead Plaintiff along with appointment of lead counsel. On October 29, 2021, I granted the motion of the Sesen Investor Group ("SIG") and denied the motions of the other movants. I did so after considering all motions and supporting documents seeking appointment as lead Plaintiff, but before oppositions had been filed to some of the motions. Subsequently, movant Maurice Harris filed a motion for reconsideration, *see* ECF No. 49, and movant Julio Hernandez filed a letter requesting vacate my order appoint SIG as lead plaintiff, but did not file a motion for reconsideration. *See* ECF No. 52. For the reasons that follow, the requests to reconsider my ruling are denied.

## DISCUSSION[1]

### I.    Standard for a Motion to Reconsider

The standard for granting a motion to reconsider is strict, and such motions will generally be denied. *See Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012). In this district, "[m]otions for reconsideration are governed by Federal Rule of Civil Procedure 59(e) and Local Rule 6.3." *Sullivan v. City of New York*, 2015 WL 5025296, at *3 (S.D.N.Y. Aug. 25, 2015), *aff'd*, 690 F. App'x 63 (2d Cir. 2017). Additionally, under Rule

---

[1] My reasons for denying Harris' motion for reconsideration are equally applicable to Hernandez' request, to the extent it is construed as request for reconsideration.

60(b)(1) of the Federal Rules of Civil Procedure, a court may only grant relief from an order when there has been "a substantive mistake of law or fact in the final judgment or order." *Lugo v. Artus*, 2008 WL 312298, at *2 (S.D.N.Y. Jan. 31, 2008).

"A motion for reconsideration is 'an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources.'" *Drapkin v. Mafco Consol. Grp., Inc.*, 818 F.Supp.2d 678, 695 (S.D.N.Y. 2011) (quoting *In re Initial Pub. Offering Sec. Litig.*, 399 F.Supp.2d 298, 300 (S.D.N.Y. 2005)). "[M]otions for reconsideration are not granted unless 'the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court.'" *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).

## II. Harris Has Not Identified Any New Facts or a Change in Controlling Law Sufficient to Grant His Motion

"A motion for reconsideration should be granted only when the defendant identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust*, 729 F.3d 99, 104 (2d Cir. 2013).  Harris has failed to do so here.

In his brief, Harris argues that I committed error and should have (1) declined to appoint SIG lead plaintiff until considering opposition briefs, and (2) declined to find that SIG was eligible for appointment because it is a group of individuals.  In granting SIG's motion for appointment as lead Plaintiff, I considered the briefs of all movants, as well as the applicable law and procedures set forth in the PSLRA, which I stated in granting SIG's motion.  *See* Order, ECF No. 48, at ¶ 3.  While the PSLRA contemplates an opportunity for movants to rebut the presumption as to the most adequate lead Plaintiff, the text of the statute does not require a district court to wait for an opposition to be filed before appointing a lead plaintiff.  *See* 15

U.S.C. § 78u-4(a)(3)(B)(iii).  Likewise, it was apparent from the declaration of the members of SIG that the group consisted of four individuals who would collaborate and collectively lead the class,  *see* Linkh Decl. Ex 4, ECF No. 38-4 a fact I did not overlook in deciding to appoint SIG as lead plaintiff.

Rather than point to new facts, Harris argues that I should have declined to appoint SIG in the first place.  But that is not the relevant question in a motion for reconsideration, and Harris' arguments are insufficient for me to conclude that I overlooked critical data or a change in controlling law.  *See Kolel Beth Yechiel Mechil of Tartiko*, 729 F.3d at 104; *see also Shrader* 70 F.3d at 257.  The same is true of Hernandez' letter.  *See* ECF No. 52. Although Harris argues I should have explicitly applied the test set forth in in *Varghese v. China Shenghuo Pharmaceutical Holdings, Inc.*, 589 F. Supp. 2d 388, 392 (S.D.N.Y. 2008), that case is not precedent and declining to explicitly analyze its tests was not error. Nor did any prejudice or "manifest injustice" arise from appointing a highly qualified group of individuals to serve as lead pleaintiff.

### III.    Harris' Merits Arguments Do Not Warrant Altering My Previous Order

As discussed, sufficient cause exists to deny Harris' motion for reconsideration and Hernandez's request to vacate without reaching the merits of the arguments.  However, even if I did reconsider the merits, the outcome would be the same.  *See Century Indem. Co.¸* 2015 WL 1782206, at *2 (considering and rejecting merits argument as alternative basis to deny motion for reconsideration).

### A.  Standard for Appointing Lead Plaintiff under the PSLRA

The PSLRA instructs that district courts should "appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members." 15 U.S.C. § 78u-4(a)(3)(B)(i); *see*

*also In re Olsten Corp. Sec. Litig.*, 3 F. Supp. 2d 286, 296 (E.D.N.Y.). The Act creates a rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons" that "has the largest financial interest in the relief sought by the class," provided that such person or group "otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). This presumption may be rebutted "only upon proof" that the presumptive lead plaintiff "will not fairly and adequately protect the interests of the class," or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." Id. § 78u-4(a)(3)(B)(iii)(II).

Additionally, in this circuit, it is permissible for small, cohesive groups of individuals to be appointed collectively as lead plaintiff. *See In re eSpeed, Inc. Sec. Litig.*, 232 F.R.D. 95, 99 (S.D.N.Y. 2005) (the "majority view" is that "unrelated investors may aggregate"). "[A]lthough the Second Circuit has not addressed the issue, courts in this jurisdiction, as well as the Third Circuit, have appointed groups of unrelated investors as lead plaintiffs as long those groups are not too large and have evinced an ability (and a desire) to work collectively to manage the litigation so that they are able to cooperate[ ] and pursu[e] the litigation separately and apart from their lawyers." *Mahapatra v. Fuqi International, Inc.*, 2010 WL 11575585, at *5 (S.D.N.Y. July 26, 2010) (citations and internal quotations omitted) (alterations in original). As Harris notes in his motion, some courts have looked to the *Varghese* factors in assessing whether a small group of individuals can function cohesively:

> Factors that courts have considered when evaluating whether a group's members will function cohesively and separately from their lawyers include evidence of: (1) the existence of a pre-litigation relationship between group members; (2) involvement of the group members in the litigation thus far; (3) plans for cooperation; (4) the sophistication of its members; and (5) whether the members chose outside counsel, and not vice versa.

*Varghese*, 589 F. Supp. 2d at 392.

**B. The Sesen Investor Group is the Presumptive Lead Plaintiff and Other Movants Have Not Rebutted its Adequacy as Lead Plaintiff**

Even had I applied the *Varghese* factors, as Haris requests, I would have concluded that the members of the Sesen Investor Group were permitted to aggregate to form SIG. First, the members coordinated before forming SIG and two of them are brothers. Second, the members filed an affidavit attesting that they had coordinated with one another and planned to do so as the case progressed. Third, each of the members appears to be a sophisticated investor with relevant medical or investment experience. And finally, the members attested that they each reached out to counsel, rather than the other way around, and Mr. Bibb filed the first complaint in the matter. In consideration of those facts, all of which were available in the affidavit the SIG members submitted on October 18, 2021, I would have concluded the members of SIG were permitted to aggregate. Their collective financial interest was roughly $1.8 million, significantly larger than Maurice Harris' interest of roughly $770,000. I would have thus determined that SIG was the presumptive lead plaintiff.

With respect to adequacy as lead plaintiff, the members of SIG submitted a joint affidavit that attests each is committed to vigorously pursuing the interests of the class and setting forth the ability of each to represent the class. Ryan Bibb has a medical background and filed the first complaint in this action; Rodney Samaan has been a practicing medical doctor for more than a decade; and Lionel and Bejamin Dreshaj are brothers who are both entrepreneurs and had significant investments in Defendant. Such is more than sufficient to satisfy the typicality and adequacy requirements of Rule 23. *See In re Paysafe Limited*, 2022 WL 1471122, at *7 (S.D.N.Y. May 10, 2022) (appointing multiple class members as lead plaintiffs where affidavits evinced a lack of a conflicts and an ability to pursue the class claims). Since the appointment of SIG as lead plaintiff, SIG and its counsel have ably represented the class and appear to have effectively negotiated a settlement with Defendants.

**CONCLUSION**

For the foregoing reasons, the motion for reconsideration and the letter request to vacate are denied.  Even were I to reconsider my decision to appoint SIG as lead plaintiff, I would reach the sane conclusion that I did in my October 29, 2021 order.  The Clerk shall terminate ECF Nos. 49 and 52.


SO ORDERED.

Dated:          August 31, 2022                              __/s/ Alvin K. Hellerstein___
                New York, New York                      ALVIN K. HELLERSTEIN
                                                                      United States District Judge