**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| IN RE PAYSAFE LIMITED f/k/a FOLEY TRASIMENE ACQUISITION CORP. II SECURITIES LITIGATION, | Master File No. 1:21-CV-10611 (ER) (KHP) |
| | CLASS ACTION |
| This Document Relates To: ALL ACTIONS | |

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF**
**DEFENDANTS' MOTION TO DISMISS LEAD PLAINTIFFS'**
**CONSOLIDATED AMENDED COMPLAINT**

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ..........................................................................1

ARGUMENT ...............................................................................................2

    **I.**    **PLAINTIFFS' OPPOSITION DOES NOT IDENTIFY ANY ALLEGED MISSTATEMENTS** .......................................................2

        **A.**    **Plaintiffs Do Not Adequately Allege Falsity Of Any Material Statement Or Omission** ............................................2

        **B.**    **Defendants' Forward-Looking Statements Cannot Support A Claim** .............................................................4

        **C.**    **The Growth Statements Are Inactionable Opinions** ............5

        **D.**    **Certain Challenged Statements Are Puffery Or Corporate Optimism** ...........................................................6

    **II.**    **PLAINTIFFS' OPPOSITION CANNOT CORRECT THE DEFICIENT SCIENTER ALLEGATIONS** .................................6

    **III.**    **PLAINTIFFS' OPPOSITION FAILS TO ESTABLISH LOSS CAUSATION** ..................................................................10

    **IV.**    **PLAINTIFFS' OPPOSITION FAILS TO ESTABLISH THE REMAINING CLAIMS** ...............................................10

CONCLUSION...............................................................................................10

# TABLE OF AUTHORITIES

**Cases**

*Bldg. Trades Pension Fund of W. Pennsylvania v. Insperity, Inc.*,
2022 WL 784017 (S.D.N.Y. Mar. 15, 2022) ............................................................................ 5

*Born v. Quad/Graphics, Inc.*,
521 F. Supp. 3d 469 (S.D.N.Y. 2021) ...................................................................................... 3

*Carpenters Pension Tr. Fund v. Barclays PLC*,
750 F. 3d 227 (2d Cir. 2014) .................................................................................................. 10

*Citiline Holdings, Inc. v. iStar Fin. Inc.*,
701 F. Supp. 2d 506 (S.D.N.Y. 2010) .................................................................................... 10

*ECA Local 134 IBEW Joint Pension Tr. of Chicago v. JP Morgan Chase Co.*,
553 F.3d 187 (2d Cir. 2009) ................................................................................................ 6, 7

*Freudenberg v. E\*Trade Fin. Corp.*,
712 F. Supp. 2d 171 (S.D.N.Y. 2010) ..................................................................................... 9

*Heller v. Goldin Restructuring Fund, L.P.*,
590 F. Supp. 2d 603 (S.D.N.Y. 2008) ..................................................................................... 8

*Ho v. Duoyuan Glob. Water, Inc.*,
887 F. Supp. 2d 547 (S.D.N.Y. 2012) ..................................................................................... 8

*In re Ambac Fin. Grp., Inc. Sec. Litig.*,
693 F. Supp. 2d 241 (S.D.N.Y. 2010) ..................................................................................... 9

*In re AT&T/DirecTV Now Sec. Litig.*,
480 F. Supp. 3d 507 (S.D.N.Y. 2020) ..................................................................................... 7

*In re Carlotz, Inc. Sec. Litig.*,
2024 WL 3924708 (S.D.N.Y. 2024) ...................................................................................... 10

*In re Magnum Hunter Res. Corp. Sec. Litig.*,
26 F. Supp. 3d 278 (S.D.N.Y. June 2014) .............................................................................. 4

*In re Micro Focus Int'l Plc Sec. Litig.*,
2020 WL 5817275 (S.D.N.Y. Sept. 29, 2020) ........................................................................ 6

*In re PetroChina Co. Ltd. Sec. Litig.*,
120 F. Supp. 3d 340 (S.D.N.Y. 2015) ..................................................................................... 7
*aff'd sub nom*, Klein v. PetroChina Co.,
644 F. App'x 13 (2d. Cir. 2016) .............................................................................................. 7

*In re Supercom Inc. Sec. Litig.*,
    2018 WL 4926442 (S.D.N.Y. Oct. 10, 2018) ........................................................................ 4

*In re Vivendi, S.A. Sec. Litig.*,
    838 F.3d 223 (2d Cir. 2016) .............................................................................................. 5, 6

*In re WEBMD Health Corp. Sec. Litig.*,
    2013 WL 64511 (S.D.N.Y. Jan. 2, 2013) .............................................................................. 4

*Iowa Pub. Emps.' Ret. Sys. V. MF Glob., Ltd.*,
    620 F.3d 137 (2d Cir. 2010) .................................................................................................. 5

*Kalnit v. Eichler,*
    264 F.3d 131 (2d Cir. 2001) .................................................................................................. 7

*Lasker v. New York State Elec. & Gas Corp,*
    85 F. 3d 55, 59 (2d Cir. 1996) .............................................................................................. 6

*Lau v. Opera Ltd.*,
    527 F. Supp. 3d 537 (S.D.N.Y. 2021) .................................................................................. 3

*Lipow v. Net1 UEPS Tech., Inc.*,
    131 F. Supp. 144 (S.D.N.Y. 2015) ....................................................................................... 9

*Local No. 38 IBEW Pension Fund v. Am. Express Co.*,
    724 F. Supp. 2d 447 (S.D.N.Y. 2010) .................................................................................. 8

*Maso Cap. Invs. Ltd. v. E-House (China) Holdings Ltd.*,
    2024 WL 2890968 (2d Cir. June 10, 2024) .......................................................................... 2

*Okla. Firefighters Pension & Ret. Sys. v. Lexmark Int'l, Inc.*,
    367 F. Supp. 3d 16 (S.D.N.Y. 2019) .................................................................................... 3

*Police and Fire Ret. Sys. of the City of Detroit v. La Quinta Holdings Inc.*,
    2017 WL 4082482 (Aug. 24, 2017) ...................................................................................... 3
*aff'd sub nom, Police & Fire Ret. Sys. Of City of Detroit v. La Quinta Holdings, Inc.*,
    735 F. App'x 11 (2d Cir. 2018) ............................................................................................ 3

*Rudani v. Ideanomics, Inc.*,
    2020 WL 5770356 (S.D.N.Y. 2020) .................................................................................... 8

*San Antonio Fire & Police Pension Fund v. Dentsply Sirona Inc.*,
    2024 WL 1898512 (S.D.N.Y. May 1, 2024) ........................................................................ 9

*Tongue v. Sanofi*,
    816 F. 3d 199 (2d Cir. 2016) ................................................................................................ 6

iii

*Wang v. CloopenGrp. Holding Ltd.*,
    661 F. Supp.3d 208 (S.D.N.Y. 2023)......................................................................................... 10

**PRELIMINARY STATEMENT**

Plaintiffs' entire Consolidated Amended Complaint relies on Defendants' alleged failure to disclose the anticipated negative impact of a single provision in a comprehensive treaty concerning German gambling regulations.  Yet, pure omissions are not actionable under *Macquarie*, Plaintiffs fail to plead any particularized allegations of scienter or falsity, and the Opposition does nothing but reinforce these fatal flaws.

As Defendants showed in their moving brief, Plaintiffs' allegations do not establish the falsity of any challenged statement—a fact that is starkly apparent in the Opposition.  Instead, Plaintiffs claim the Paysafe Defendants knew the challenged statements were false when made on the basis of fraud by hindsight.  But Plaintiffs offer no facts in support, as required under the PSLRA, in their pleading or Opposition.

Further, Plaintiffs make no particularized allegations of scienter.  In fact, Plaintiffs' Opposition tacitly admits that their allegations of motive are insufficient, instead relying on Defendants' purported conscious misbehavior or recklessness.  But Plaintiffs offer nothing in support—no witness allegations, no contemporaneous, conflicting reports, and no facts supporting the Paysafe Defendants' contemporaneous knowledge of falsity.  Indeed, Plaintiffs' pleading and Opposition ignore that Paysafe explicitly and consistently warned investors that the impact of changes in European gambling regulations could have positive or negative impacts on the business. Absent any cogent allegations of scienter, Plaintiffs' claims fail.

Plaintiffs' Opposition fails to address several other significant pleading deficiencies raised by Defendants.  Plaintiffs have not adequately pled how the alleged corrective disclosures actually correct a single prior statement made by Defendants.  Moreover, Plaintiffs' control person and scheme liability claims fail on the same grounds as the securities fraud claim.

1

The Consolidated Amended Complaint should therefore be dismissed with prejudice.

## ARGUMENT

### I.    PLAINTIFFS' OPPOSITION DOES NOT IDENTIFY ANY ALLEGED MISSTATEMENTS

#### A. Plaintiffs Do Not Adequately Allege Falsity Of Any Material Statement Or Omission

Plaintiffs argue that *Macquarie* is not applicable here because they plead half-truths rather than pure omissions. *See* Opp. at 11. But Plaintiffs' entire theory rests on the flawed premise that Defendants characterized the German Regulations only as a "positive" (*id.* at 8) and omitted to disclose any alleged, anticipated negative impact. *See, e.g., id.* at 6. In fact, Paysafe disclosed that changes in the European gambling regulations "may impact [the Company] both positively (where the markets are liberalized or become regulated) ***and negatively*** (where markets are restricted or become prohibited)." CAC ¶¶ 140, 143, 146, 150, 157 (emphasis added). Paysafe repeatedly explained to shareholders that the German Regulations presented a mixed bag. Plaintiffs agree that the German Regulations legalized sports betting and online casino gambling, Opp. at 6—both clearly positive developments for Paysafe. But Plaintiffs focus solely on the alleged, anticipated negative impact of the cross-operator deposit limit. *Id.* The larger than anticipated, short term, negative impact from that single provision does not render misleading statements that the European regulations as a whole could have positive and negative impacts. This is precisely the sort of "pure omission" theory *Macquarie* forbids. *See Maso Cap. Invs. Ltd. v. E-House (China) Holdings Ltd.*, 2024 WL 2890968, at *4 (2d Cir. June 10, 2024).

Even if *Macquarie* did not foreclose Plaintiffs' claims, their pleading is still deficient. Plaintiffs contend that Paysafe touted the German Regulations as a positive for the Company, while hiding the "whole truth" that the cross-operator monthly deposit limit would have a negative impact. Opp. at 13. But, Defendants are "not required to disclose a fact merely because a

2

reasonable investor would very much like to know that fact." *Lau v. Opera Ltd.*, 527 F. Supp. 3d 537, 551 (S.D.N.Y. 2021) (collecting cases). Paysafe repeatedly explained that ongoing changes to European gambling regulations might have positive and negative impacts.[1]

Next, Plaintiffs argue that falsity was pled with particularity, despite the fact Plaintiffs copied and pasted the same explanation of falsity for every misstatement. Opp. at 14. But Plaintiffs' cookie cutter explanations cannot meet that standard. *See, e.g., Born v. Quad/Graphics, Inc.*, 521 F. Supp. 3d 469, 477–78 (S.D.N.Y. 2021) ("a complaint predominantly marked by lengthy block quotes followed by pro forma reasons why the statements quoted are allegedly false . . . fails to state a claim because it is insufficiently particular under the PSLRA.").

While Plaintiffs argue that Paysafe knew, but concealed, the anticipated negative impact of the German Regulations, Opp. at 15, they fail to plead any facts in support. On Opposition, Plaintiffs claim only that: (a) Germany is a large market; and (b) at some point Messrs. Dawood and McHugh anticipated some negative impact from the German Regulations. *Id.* The fact that Germany is a large market was known to investors, MTD at 14, and, as discussed *infra* Section II, the statements by Messrs. Dawood and McHugh in November 2021 do not establish the falsity of any challenged statement. Indeed, courts have explained that an anticipated setback in one market does not render statements regarding the entire company's performance misleading.[2] It was

---

[1] Plaintiffs' citation to *Okla. Firefighters Pension & Ret. Sys. v. Lexmark Int'l, Inc.*, 367 F. Supp. 3d 16, 34 (S.D.N.Y. 2019), Opp. at 13, is inapposite. There, the defendants disclosed they sought to harmonize prices, but failed to disclose the "frequency of their price harmonization actions" and the compounding effect thereof. *Id.* This is wholly distinct from the disclosure that changes in European regulations could have positive or negative impacts, while allegedly omitting anticipated negative impact from one provision of one country's new regulations.

[2] *See Police and Fire Ret. Sys. of the City of Detroit v. La Quinta Holdings Inc.*, 2017 WL 4082482, at *7, *aff'd sub nom. Police & Fire Ret. Sys. Of City of Detroit v. La Quinta Holdings, Inc.*, 735 F. App'x 11 (2d Cir. 2018) (no plausible allegation where the company's "representations that it was performing well overall were not inconsistent with the fact that the Texas market was suffering").

reasonable for Paysafe to expect that legalization of gambling in Germany might offset any risk from the cross-operator deposit limit.

Finally, Plaintiffs contend that the market was unaware of the importance of high-end bettors to Paysafe, and therefore the allegedly omitted information was not public. Opp. at 16. But, the fact that iGambling businesses focus on high end bettors is obvious, and the Paysafe Defendants disclosed all information relevant for investors to judge the risk—the potential negative impact of the German Regulations, the percentage of its iGambling business in the German market, and that its business involved per transaction fees.[3]

**B. Defendants' Forward-Looking Statements Cannot Support A Claim**

Plaintiffs argue that the challenged statements are not forward-looking because they "misrepresent present facts." Opp. at 17. But Plaintiffs offer no support for this position. First, Paysafe's statements that it anticipated "[s]ignificant growth opportunities" (CAC ¶ 131) and was "positioned in the highest growth vertical markets" are black letter forward-looking statements. *In re WEBMD Health Corp. Sec. Litig.*, 2013 WL 64511, at *5 (S.D.N.Y. Jan. 2, 2013) ("At its core, a forward-looking statement is one that contains a projection of income or earning, or one of future economic performance."). Second, contrary to Plaintiffs' contention, Opp. at 17–18, the Gambling Regulation Statements were almost all made *prior to* enactment of the German Regulations in July 2021 and therefore cannot reflect present facts about the impact of those regulations. CAC ¶ 13. Third, Plaintiffs ignore that the present-tense portion of a mixed present and future statement is not actionable if the present tense portion "merely says that" the present situation makes the future projection attainable. *In re Supercom Inc. Sec. Litig.*, 2018 WL 4926442, at *21 (S.D.N.Y. Oct.

---

[3] Contrary to Plaintiffs' contention, Opp. at 16–17, it is clear that "without contemporaneous falsity, there can be no fraud." *In re Magnum Hunter Res. Corp. Sec. Litig.*, 26 F. Supp. 3d 278 at 290 (S.D.N.Y. June 2014).

10, 2018) (collecting cases).  Here, Plaintiffs' present fact argument fails because the Gambling Regulation Statements described the current regulatory environment in Europe before positing that changes may have both positive and negative impacts.

Citing to *In re Vivendi, S.A. Sec. Litig.*, 838 F.3d 223 (2d Cir. 2016), Plaintiffs assert Paysafe's cautionary language was "hopelessly boilerplate" and thus not subject to the PSLRA safe harbor.  Opp. at 19.  But *Vivendi* is inapposite, as it holds only that cautionary statements regarding "garden-variety business concerns that could affect any" company may be insufficient, as opposed to the specific, articulable cautionary language regarding regulatory risks in the EU present in Paysafe's disclosures.  *Vivendi*, 838 F.3d at 247.  Far from business concerns that could affect any company, Paysafe warned of the substantive, unique risks facing its business including risks related to "change and uncertain interpretation" of the "extensive regulation[s]" applicable to its iGaming business (Ex. 8 at 39); and the "uncertainty" around "ongoing compliance obligations" due to incompatibility between local laws and EU laws.  *Id.* at 67.  These issues would not be of concern to "any company's financial well-being."  Opp. at 19.  Further, these disclosures are meaningful as they make clear that "the future is [not] settled, or unattended by contingency."  *Iowa Pub. Emps.' Ret. Sys. V. MF Glob., Ltd.*, 620 F.3d 137, 141 (2d Cir. 2010).[4]

Finally, Plaintiffs contend that the safe harbor is inapplicable because the Paysafe Defendants had actual knowledge of falsity.  Opp. at 20.  For the reasons described *infra* Section II, and in the opening brief, Plaintiffs do not plead actual knowledge.  MTD at 15–16.

### C.  The Growth Statements Are Inactionable Opinions

Plaintiffs argue that the Growth Statements are actionable because they were "misleadingly

---

[4] Courts have found similar statements, such as disclosure of a "tight labor market" challenging "talent acquisition" are meaningful cautionary language.  *See Bldg. Trades Pension Fund of W. Pennsylvania v. Insperity, Inc.*, 2022 WL 784017, at *9–10 (S.D.N.Y. Mar. 15, 2022).

incomplete" (omitting the cross-operator deposit limit) and not sincerely held opinions.  Opp. at

21.  Plaintiffs ignore settled precedent that opinions are "not necessarily misleading when an issuer

knows, but fails to disclose, some fact cutting the other way."  *Tongue v. Sanofi*, 816 F. 3d 199,

210 (2d Cir. 2016).  The fact that Defendants did not disclose the isolated fact of the cross-operator

deposit limit does not render their opinion statements actionable.  And, for the reasons explained

*infra* Section II, there is no credible allegation the opinion statements were not sincerely held.

### D.  Certain Challenged Statements Are Puffery Or Corporate Optimism

Plaintiffs assert the Growth Statements are not puffery because they were made in the

context of the Merger and "intended to shore up investor support."  Opp. at 22.  But puffery

includes "statements that lack the sort of definite positive projections that might require later

correction."  *Vivendi*, 838 F.3d at 247.  Paysafe's claims of "significant growth opportunities,"

"unrivalled regulatory risk and technical expertise" and that it was "an attractive high growth

payments company[] with meaningful scale" are not definite statements that require correction.

CAC ¶¶ 131, 133.  Courts have consistently held such statements are puffery.[5]  Moreover,

optimistic statements of corporate performance, even in connection with a potential merger, do not

"cause a reasonable investor to rely upon them."  *ECA Local 134 IBEW Joint Pension Tr. of

Chicago v. JP Morgan Chase Co.*, 553 F.3d 187, 206 (2d Cir. 2009); *see In re Micro Focus Int'l

Plc Sec. Litig.*, 2020 WL 5817275, at \*7 (S.D.N.Y. Sept. 29, 2020) (statements merger presented

"a rare opportunity to achieve a significant increase in scale and breadth" were puffery).

### II.    PLAINTIFFS' OPPOSITION CANNOT CORRECT THE DEFICIENT SCIENTER ALLEGATIONS

On Opposition, Plaintiffs effectively concede a lack of motive by the Paysafe Defendants,

---

[5] *See Lasker v. New York State Elec. & Gas Corp.*, 85 F. 3d 55, 59 (2d Cir. 1996) (statements regarding "commitment to create earnings opportunities" and "business strategies lead[ing] to continued prosperity" were puffery).

instead arguing that allegations of motive are not necessary to plead scienter.  Opp. at 25 n. 18.[6]

Absent motive, Plaintiffs' allegations of "conscious misbehavior or recklessness must be correspondingly greater."  *ECA*, 553 F.3d at 199.  Plaintiffs fall far short of this standard.

Plaintiffs allege that Messrs. McHugh and Dawood "admitted" that they were aware of facts contradicting the Class Period statements, and those "allegations alone" are sufficient to plead scienter.  Opp. at 26.  These purported "admissions" are: (1) Mr. Dawood's November 11, 2021 Tweet that the impact of the German Regulations "was anticipated"; and (2) Mr. McHugh's statement that the Company "had anticipated" an impact from the "wave of European regulation coming through," including the "cap on how much a single person can bet."  *Id.*  But neither statement is an admission that any challenged statement was false when made.  *See In re PetroChina Co. Ltd. Sec. Litig.*, 120 F. Supp. 3d 340, 356–57 (S.D.N.Y. 2015), *aff'd sub nom. Klein v. PetroChina Co.*, 644 F. App'x 13 (2d Cir. 2016) (rejecting claim based on conduct occurring "after the class period ended").  Indeed, the statements are clear that Paysafe was not anticipating a material, negative impact.  *See* Ex. 9 (responding to a Tweet asking why the regulations in Europe were not anticipated, Dawood stated the impact was "far greater" than anticipated); Ex. 7 at 13 (McHugh stated Paysafe "anticipated some" impact from changes in the European regulations, but other "impacts have certainly been sharper and bigger than we expected" including the cross-operator deposit limit).  The Paysafe Defendants are not required to disclose every potential negative outcome.  *See, e.g., In re AT&T/DirecTV Now Sec. Litig.*, 480 F. Supp. 3d 507, 532 (S.D.N.Y. 2020).  Otherwise, hindsight bias would transform countless instances of

---

[6] Plaintiffs' contention that Defendants' statements "were intended to shore up support for the Merger," Opp. at 22, is insufficient.  "[T]he desire to achieve the most lucrative acquisition proposal can be attributed to virtually every company seeking to be acquired."  *Kalnit v. Eichler*, 264 F.3d 131, 141 (2d Cir. 2001).

7

corporate optimism into fraud.[7]

Plaintiffs rely on the purported admissions to brush aside that their claims rest on cherry-picked statements. Opp. at 27. Plaintiffs claim the German regulations were characterized only as a "positive," Opp. at 27, when in fact Paysafe disclosed that European gambling regulations "may impact [the Company] both positively (where the markets are liberalized or become regulated) and negatively (where markets are restricted or become prohibited)." CAC ¶¶ 140, 143, 146, 150, 157. The statements by Messrs. Dawood and McHugh therefore do not credibly establish that they knew or had access to information rendering the challenged statements inaccurate. Opp. at 27. Moreover, Plaintiffs must, but fail to, "specifically identify the reports or statements that contradict [Paysafe's] alleged misrepresentations." *Local No. 38 IBEW Pension Fund v. Am. Express Co.*, 724 F. Supp. 2d 447, 459 (S.D.N.Y. 2010).[8]

Next, Plaintiffs contend that Defendants' multiple disclosures concerning the German Regulations "strengthen the inference of their scienter." Opp. at 27–28. But the disclosures cited by Plaintiffs are factual statements that the German Regulations will legalize online forms of certain gambling, and that Germany generally moved from prohibition to controlled regulation. *See* Opp. at 27. Plaintiffs do not allege facts to the contrary. Plaintiffs essentially claim that the

---

[7] Plaintiffs' reliance on *Heller v. Goldin Restructuring Fund, L.P.*, 590 F. Supp. 2d 603, 622 (S.D.N.Y. 2008), Opp. at 26, is unavailing, as that court found an inference of scienter where the defendants stated an investor had put $40 million into a fund, when they knew otherwise. Here, Plaintiffs challenge an alleged omission of the possible, future impact of the German Regulations, without any credible allegation that the Paysafe Defendants knew the statements were false.

[8] Plaintiffs' citations are inapposite. *See* Opp. at 29. Knowledge of finite, contemporaneous information, like a financial statement, is entirely distinct from the potential impact of new regulations. *See Rudani v. Ideanomics, Inc.*, 2020 WL 5770356, at *7 (S.D.N.Y. 2020) (scienter adequately pled where defendants had access to records showing corporation's unprofitability); *Ho v. Duoyuan Glob. Water, Inc.*, 887 F. Supp. 2d 547, 575 (S.D.N.Y. 2012) (imputing knowledge of falsity "of a company's financial statements" to defendant officers "who should have known of facts relating to the [company's] core operations").

Individual Defendants knew or should have known the German Regulations would have a negative impact by virtue of their positions at the company, *see* Opp. at 28 (citing case where scienter inferred for CFO); Opp. at 29 (core operations doctrine imputing knowledge to senior officers). That is insufficient.[9] However, these are not statements that provide strong circumstantial evidence of scienter. Plaintiffs' citation to *San Antonio Fire & Police Pension Fund v. Dentsply Sirona Inc.*, 2024 WL 1898512, at *8 (S.D.N.Y. May 1, 2024) is off point. There, the defendants allegedly knew from meetings and contemporaneous communications, but failed to disclose, details of the company's inventory management, supply chain, and product defects. *Id.* The anticipated impact of forthcoming regulations is not remotely the same.[10, 11]

Plaintiffs contend that scienter is further supported because Germany was allegedly an important iGaming market and that both iGaming and the German market were "significant drivers of revenue" for the Company. Opp. at 28–29. But, the "core operations" doctrine does not establish an inference of scienter. Opp. at 29. The continued viability of the core operations doctrine is unclear and the processing of payments for gambling in Germany was not a core operation. MTD at 20, n.10. Further, the information at the heart of this case, involving the impact of newly enacted regulations, was not "easily determinable." Opp. at 29. Indeed, the impact of the German Regulations as a whole was uncertain for the reasons explained *supra* p. 2–3.[12]

---

[9] *Lipow v. Net1 UEPS Tech., Inc.*, 131 F. Supp. 144, 163 (S.D.N.Y. 2015) (alleging defendants had, or should have had, knowledge by virtue of their positions is insufficient) (collecting cases).

[10] Plaintiffs' citations to *In re Ambac Fin. Grp., Inc. Sec. Litig.*, 693 F. Supp. 2d 241, 268 (S.D.N.Y. 2010) and *Freudenberg v. E\*Trade Fin. Corp.*, 712 F. Supp. 2d 171, 199 (S.D.N.Y. 2010) are similarly off point because both allege the defendants' knowledge of falsity based on contemporaneous communications. For example, in *Freudenberg*, scienter was alleged based on reports, communications, and meetings where the defendants received information contradicting their subsequent public statements. There are no such allegations here.

[11] Absent adequate allegations of Individual Defendants' scienter, there is no corporate scienter.

[12] While Plaintiffs contend that Defendants' statements about monitoring the regulatory landscape are indicative of scienter, Opp. at 29–30, the cases cited are plainly distinguishable as they involve

## III.   PLAINTIFFS' OPPOSITION FAILS TO ESTABLISH LOSS CAUSATION

Plaintiffs contend that Defendants concealed material risks associated with the cross-operator deposit limit and those risks materialized following Paysafe's August 16, 2021 and November 11, 2021 earnings disclosures.  Opp. at 38.  But, for the reasons set forth above, Plaintiffs have not adequately pled that the Paysafe Defendants concealed any known risk.[13]

## IV.   PLAINTIFFS' OPPOSITION FAILS TO ESTABLISH THE REMAINING CLAIMS

Plaintiffs fail to allege a coherent scheme, claiming only the FTAC Defendants disseminated allegedly false disclosures.  Opp. at 35–36.  There are no such allegations as to the Paysafe Defendants.  Nor could Plaintiffs allege the Paysafe Defendants disseminated any false statements, as dissemination "does not include sending one's own false statements to prospective investors." *In re Carlotz, Inc. Sec. Litig.*, 2024 WL 3924708, at *4 (S.D.N.Y. 2024).[14]

Plaintiffs' Opposition fails to support 20(a) claims against the Paysafe Defendants.  For the reasons set forth above, Plaintiffs fail to establish any primary violation or culpable participation by the Paysafe Defendants, both of which are independently fatal to their Section 20(a) claims. *Carpenters Pension Tr. Fund v. Barclays PLC*, 750 F. 3d 227, 236 (2d Cir. 2014).

### CONCLUSION

The Consolidated Amended Complaint should be dismissed with prejudice.

---

monitoring real-time, easily discernible data. *See Citiline Holdings, Inc. v. iStar Fin. Inc.*, 701 F. Supp. 2d 506, 516 (S.D.N.Y. 2010) (real-time monitoring of portfolio revenues); *Wang v. CloopenGrp. Holding Ltd.*, 661 F. Supp.3d 208, 236 (S.D.N.Y. 2023) (customer support infrastructure with communication on a "constant basis" and information collection in "real time").

[13] Further, the August 16, 2021 statements do not reference the German Regulations, Ex. 5 at 9. And the "sharper and bigger" than anticipated impacts disclosed in the November 11, 2021 earnings release, Ex. 7 at 5, 13, are not a materialization of an undisclosed risk.

[14] Plaintiffs contend, as an alternative, that they adequately pled scheme liability based on the Paysafe Defendants' omission of material information in violation of Item 303 of Regulation S-K, Opp. at 36.  But, tellingly, they fail to engage with a single one of the arguments in the Paysafe Defendants' Motion that Plaintiffs failed to adequately plead such a breach.  MTD at 11–12.

Dated: October 28, 2024

New York, New York

*/s/ Craig S. Waldman*
Jonathan K. Youngwood
Craig S. Waldman
Amy L. Dawson
SIMPSON THACHER & BARTLETT LLP
425 Lexington Avenue
New York, New York 10017
Telephone: (212) 455-2000
jyoungwood@stblaw.com
cwaldman@stblaw.com
amy.dawson@stblaw.com

*Attorneys for Defendants Paysafe Limited f/k/a/ Foley Trasimene Acquisition Corp. II, Philip McHugh and Ismail Dawood*

11