UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

IN RE PAYSAFE LIMITED f/k/a/ FOLEY   :     Master File No. 1:21-cv-10611 (ER) (KHP)
TRASIMENE ACQUISITION CORP. II    :
SECURITIES LITIGATION           :     <u>CLASS ACTION</u>

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

This Document Relates To: All Actions    :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

# REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF THE FTAC DEFENDANTS' MOTION TO DISMISS THE CONSOLIDATED AMENDED COMPLAINT

Patrick G. Rideout
Shaud G. Tavakoli
Michael C. Griffin
Holly A. Gwydir
SKADDEN, ARPS, SLATE,
  MEAGHER & FLOM LLP
One Manhattan West
New York, New York 10001
(212) 735-3000
patrick.rideout@skadden.com
shaud.tavakoli@skadden.com
michael.griffin@skadden.com
holly.gwydir@skadden.com

*Attorneys for Defendants William P. Foley, II,
  Richard N. Massey and Bryan D. Coy*

**TABLE OF CONTENTS**

Page

TABLE OF AUTHORITIES ................................................................................................ iii

PRELIMINARY STATEMENT .............................................................................................1

ARGUMENT............................................................................................................................2

I.    PLAINTIFFS' FALSITY ARGUMENTS ARE MERITLESS........................................2

      A.    Messrs. Massey and Coy Did Not Make Any Challenged Statements....................2

      B.    None of Mr. Foley's Challenged Statements Are Actionable .................................3

II.   PLAINTIFFS' SCIENTER ARGUMENTS ARE MERITLESS .......................................5

      A.    Plaintiffs' Generic Motive Theory Fails as a Matter of Law................................5

      B.    Plaintiffs Fail To Identify Any Specific Contrary Information the
            FTAC Defendants Allegedly Knew or Recklessly Disregarded.............................6

III.  PLAINTIFFS' SCHEME ARGUMENTS ARE MERITLESS .........................................7

IV.   PLAINTIFFS FAIL TO STATE A CLAIM FOR CONTROL
      PERSON LIABILITY AGAINST ANY FTAC DEFENDANT .......................................8

CONCLUSION.........................................................................................................................8

## TABLE OF AUTHORITIES

Page(s)

### CASES

*Abramson v. Newlink Genetics Corp.*,
    965 F.3d 165 (2d Cir. 2020)........................................................................................5

*Allegheny County Employees' Retirement System v. Energy Transfer LP*,
    532 F. Supp. 3d 189 (E.D. Pa. 2021) ........................................................................5

*In re BHP Billiton Ltd. Securities Litigation*,
    276 F. Supp. 3d 65 (S.D.N.Y. 2017).........................................................................4

*Cellular Technical Services Co., Inc. v. TruePosition, Inc.*,
    609 F. Supp. 2d 223 (D. Conn. 2009)........................................................................8

*In re Fairway Group Holding Corp. Securities Litigation*,
    No. 14 Civ. 0950 (LAK)(AJP), 2015 WL 249508 (S.D.N.Y. Jan. 20, 2015)......................4

*In re Global Crossing, Ltd. Securities Litigation*,
    No. 02 Civ. 910(GEL), 2005 WL 1907005 (S.D.N.Y. Aug. 8, 2005)................................8

*Moab Partners, L.P. v. Macquarie Infrastructure Corp.*,
    No. 21-2524, 2024 WL 4356386 (2d Cir. Oct. 1, 2024).......................................................7

*In re Petrobras Securities Litigation*,
    116 F. Supp. 3d 368 (S.D.N.Y. 2015).........................................................................4

*In re Philip Services Corp. Securities Litigation*,
    383 F. Supp. 2d 463 (S.D.N.Y. 2004).........................................................................7

*Puddu v. 6D Global Technologies, Inc.*,
    No. 15-cv-8061 (AJN), 2021 WL 1198566 (S.D.N.Y. Mar. 30, 2021)..............................3

*In re Refco, Inc. Securities Litigation*,
    503 F. Supp. 2d 611 (S.D.N.Y. 2007).........................................................................6

*Rose v. Rahfco Management Group*, LLC,
    No. 13 CV 5804(VB), 2014 WL 7389900 (S.D.N.Y. Dec. 15, 2014)................................8

*SEC v. Fiore*,
    416 F. Supp. 3d 306 (S.D.N.Y. 2019).........................................................................7

*SEC v. Rio Tinto plc*,
    41 F.4th 47 (2d Cir. 2022) ..........................................................................................7

*Sgarlata v. PayPal Holdings, Inc.*,
No. 17-cv-06956-EMC, 2018 WL 6592771 (N.D. Cal. Dec. 13, 2018)..............................8

*Swanson v. Danimer ScientificSci., Inc.*,
No. 23-7674-CV, 2024 WL 4315109 (2d Cir. Sept. 27, 2024) ...................................2, 5, 6

*Theodore v. Purecycle Technologies Inc.*,
No. 6:21-cv-809-PGB-RMN, 2023 WL 4035880 (M.D. Fl. June 15, 2023) ......................6

*In re Turquoise Hill Resources Ltd. Securities Litigation*,
625 F. Supp. 3d 164 (S.D.N.Y. 2022)...................................................................................4

*In re Vale S.A. Securities Litigation*,
No. 19 CV 526 (RJD)(SJB), 2020 WL 2610979 (E.D.N.Y. May 20, 2020)......................4

*Villare v. Abiomed, Inc.*,
No. 19 CIV. 7319 (ER), 2021 WL 4311749 (S.D.N.Y. Sept. 21, 2021) .............................4

*In re Vivendi, S.A. Securities Litigation*,
838 F.3d 223 (2d Cir. 2016)..................................................................................................4

iv

## PRELIMINARY STATEMENT

Plaintiffs' Opposition (ECF No. 104) does nothing to overcome the fundamental defects in their theory of securities fraud and additional pleading deficiencies that independently warrant dismissal of all claims against the FTAC Defendants.[1]  Plaintiffs concede that after the Supreme Court's decision in *Macquarie*, they cannot state a claim based only on an omission; rather, Plaintiffs must show how the alleged omission rendered an affirmative statement false or misleading.  (Opp'n at 10-11.)  Because they cannot meet this requirement, they resort to mischaracterizing the challenged disclosures in an effort to manufacture an inconsistency.

The Opposition falsely claims—more than a dozen times—that Defendants stated that the new German regulations would be "positive" for Paysafe.  (Opp'n at 3, 8, 10, 13, 15, 17, 18, 22, 26, 27, 35, 39.)  But there is no allegation that any Defendant actually made that statement. (Paysafe Reply at 2.)  Plaintiffs misleadingly quote only *half* of a risk warning that "[c]hanges in the regulation of online gambling in the markets described above [including Italy, France, Germany and others] and elsewhere may impact us both positively (where the markets are liberalized or become regulated) and negatively (where markets are restricted or become prohibited)."  (AC ¶¶ 150, 157.)  Nothing about this warning was false or misleading, and this would be so even if Paysafe executives allegedly anticipated, at some unspecified time, that the cross-operator deposit limit in the forthcoming German regulations might have a negative impact in the future.  Indeed, that is precisely what Defendants warned of: that the company may be negatively impacted where a regulatory change restricts the market for online gambling.  (*See id.*)

The Opposition also fails to meaningfully rebut various independent reasons to dismiss the Complaint as against the FTAC Defendants.  Plaintiffs' argument that Mr. Massey and Mr. Coy

---

[1]   Capitalized terms have the meanings set forth in the opening brief (ECF No. 99) ("FTAC Mot.").  All emphasis is added and citations are omitted unless otherwise noted.

should be liable for statements they neither said nor signed is contrary to well-settled law.  As for Mr. Foley, Plaintiffs cannot establish that any of the three statements attributed to him are actionable—namely, (i) the risk warning quoted above, (ii) general disclosures of the German regulations, and (iii) a reference to Paysafe's growth potential as one factor that made it an attractive merger target for FTAC.  The first two are inactionable for the reasons demonstrated by the Paysafe Defendants.  (Paysafe Mot. at 11-16; Paysafe Reply at 2-5.)  As to Mr. Foley's stated "belie[f]" about Paysafe's "long-term growth potential," the Opposition ignores the FTAC Motion's authority holding such statements are immaterial and thus inactionable, and erroneously mischaracterizes Mr. Foley's statements as "assurances" and "promises" of future growth.

The Opposition fares no better with scienter.  The Second Circuit recently rejected the exact motive theory Plaintiffs allege here: that SPAC director defendants have an inherent motive to defraud because they will benefit financially if a business combination closes.  *See Swanson v. Danimer Scientific, Inc.*, No. 23-7674-CV, 2024 WL 4315109, at *3 (2d Cir. Sept. 27, 2024) (summary order).  As to conscious misbehavior or recklessness, the Opposition makes long-rejected arguments that the FTAC Defendants *must have known* the challenged statements were false or misleading because of their senior positions and due diligence.  Accordingly, the Complaint should be dismissed with prejudice.

## ARGUMENT

## I.    PLAINTIFFS' FALSITY ARGUMENTS ARE MERITLESS

### A.    Messrs. Massey and Coy Did Not Make Any Challenged Statements

The Opposition does not dispute that Mr. Massey and Mr. Coy did not say or sign any challenged statement.  (Opp'n at 24.)  Thus, all claims against them should be dismissed.  (FTAC Mot. at 6-7.)  Plaintiffs' argument that Mr. Massey and Mr. Coy are liable for FTAC's statements solely because of their positions as "senior-most executives of FTAC with intimate involvement

in the Merger" (Opp'n at 24) fails as a matter of law.  (FTAC Mot. at 7.)  Similarly, Plaintiffs cite no authority supporting their sweeping assertion that Mr. Massey and Mr. Coy should be deemed "makers" of FTAC's disclosures simply because FTAC allegedly had few employees.  (Opp'n at 24.)  Plaintiffs do not plead any facts showing Mr. Massey and Mr. Coy actually controlled the "content and whether and how to communicate" FTAC's challenged statements.  (*Id.* (quoting *Janus Cap. Grp., Inc. v. First Derivative Traders*, 564 U.S. 135, 142 (2011)).)[2]  That Mr. Massey and Mr. Coy were involved in the Merger is irrelevant.  Plaintiffs had to allege facts showing Mr. Massey and Mr. Coy were involved in FTAC's challenged disclosures, not its due diligence.[3]

### B.        None of Mr. Foley's Challenged Statements Are Actionable

The Opposition also fails to establish that any of the statements attributed to Mr. Foley are actionable.  Plaintiffs' arguments regarding (i) the disclosure of the German Regulations, and (ii) the warning that regulatory changes in any market "may impact [Paysafe] both positively . . . and negatively" fail for the various reasons demonstrated by the Paysafe Defendants.  (Paysafe Brief at 11-18; Paysafe Reply at 2-5.)  Plaintiffs also challenge Mr. Foley's announcement of the proposed Merger on December 7, 2020, where he cited his "belie[f]" in Paysafe's "long-term growth potential" as one feature that made the Company attractive.  (Opp'n at 29; AC ¶¶ 130, 131, 133.)  As the FTAC Defendants established, these statements are inactionable because they are puffery, sincerely-held opinions, protected forward-looking statements, and simply not false or misleading.  (FTAC Mot. at 8-10.)  In Opposition, Plaintiffs make two arguments.

---

[2]    Plaintiffs' cited case highlights this failing, as defendants there were alleged to have "provided instructions on what to include and not include" in the challenged statements.  *Puddu v. 6D Glob. Techs., Inc.*, No. 15-cv-8061 (AJN), 2021 WL 1198566, at *8 (S.D.N.Y. Mar. 30, 2021).

[3]    Similarly, it is irrelevant that Mr. Coy, as CFO, allegedly had "'ultimate authority' over FTAC's financials" because Plaintiffs do not challenge FTAC's financials.  (*See* Opp'n at 24 n. 17.)  The Opposition also does not dispute that Mr. Coy was not a director of FTAC, as Plaintiffs erroneously alleged in the Complaint.  (*Id.*; *see* FTAC Mot. at 5 n.1.)

First, Plaintiffs mischaracterize Mr. Foley's statements as "assurances of growth" (Opp'n at 18-19), claiming they "assure[d] investors that any regulatory issues affecting these markets would not be an impediment to Paysafe's growth" (*id.* at 23). On their face, Mr. Foley's statements say nothing about any regulatory issues (in Germany or elsewhere) or what impact they might have on Paysafe's growth. Mr. Foley merely cited Paysafe's general "long-term growth potential" as one of the reasons FTAC chose it as an acquisition target. This Court has held similar statements are inactionable. *See, e.g.*, *Villare v. Abiomed, Inc.*, No. 19 CIV. 7319 (ER), 2021 WL 4311749, at \*13 (S.D.N.Y. Sept. 21, 2021) (touting company as "well positioned" with "sustainable growth" and goal of "remain[ing] one of the fastest-growing, most profitable med[-]tech companies" was inactionable puffery).[4] To the extent Mr. Foley's statements conveyed any present facts, e.g., that gaming and e-commerce were high-growth markets and Paysafe had experienced management with regulatory and technical expertise, Plaintiffs do not allege they were false or misleading.[5]

---

[4]  Unlike here, the defendants in *In re Fairway Group Holding Corp. Securities Litigation*, No. 14 CIV. 0950 LAK, 2015 WL 249508 (S.D.N.Y. Jan. 20, 2015) (cited in Opp'n at 18), assured investors specifically that the company had "scalable infrastructure" and could "replicate [its] store model," and that "sales contributions from new store openings [should] grow[] faster than our [general and administrative] expense." *Id.* at \*8. The defendants there made these statements even though the company was already $200 million in debt with a $124 million net operating loss. *Id.* Moreover, former employees alleged the company's infrastructure "could not support Fairway's current stores, let alone a significant expansion." *Id.*

[5]  In contrast, Plaintiffs' cases involved specific representations about existing facts, not optimistic hopes for the future. *See In re Vivendi, S.A. Sec. Litig.*, 838 F.3d 223, 245 (2d Cir. 2016) (statements about company's "record-high net income," "cash available for investing" and "second quarter [results] well ahead of market consensus"); *In re Turquoise Hill Res. Ltd. Sec. Litig.*, 625 F. Supp. 3d 164, 223 (S.D.N.Y. 2022) (representation that pipeline "has progressed well" "reassured investors that construction . . . was not substantially impaired by any delay"); *In re BHP Billiton Ltd. Sec. Litig.*, 276 F. Supp. 3d 65, 80 (S.D.N.Y. 2017) (disclosure of "record low total recordable injury frequency and no fatalities"); *In re Petrobras Sec. Litig.*, 116 F. Supp. 3d 368, 381 (S.D.N.Y. 2015) (statements touting company's anti-bribery and corruption efforts that "were made repeatedly in an effort to reassure the investing public about the Company's integrity"); *In re Vale S.A. Sec. Litig.*, No. 19 CV 526 (RJD)(SJB),
*(cont'd)*

Second, Plaintiffs argue Mr. Foley's statements "were belied by Defendants' knowledge of the 'anticipated' negative impact of 'regulatory issues' in Europe" and "did not match the tenor of the discussions inside the company." (Opp'n at 22-23; *see also id.* at 13 n.6, 21.)  But Plaintiffs do not allege *Mr. Foley* (or anyone at FTAC) anticipated any negative impact of any regulatory issues in Europe at any time—let alone when Mr. Foley announced the proposed Merger in December 2021, six months before the new German regulations went into effect.[6]  In any event, Plaintiffs concede an omission can render an opinion misleading only if the opinion "implies facts or the absence of facts" that "the speaker knows or reasonably should know" are false or misleading.  (Opp'n at 21.[7])  Mr. Foley's general opinions about Paysafe's growth potential did not imply anything about the forthcoming German regulations.  None of Mr. Foley's statements was false or misleading when made, and the claims against him should therefore be dismissed.

## II.    PLAINTIFFS' SCIENTER ARGUMENTS ARE MERITLESS

### A.    Plaintiffs' Generic Motive Theory Fails as a Matter of Law

Plaintiffs' theory that Mr. Foley's financial interest in the Merger gave him a motive to defraud investors fails as a matter of law.  (FTAC Mot. at 11-12.)  Indeed, just last month the Second Circuit rejected virtually identical allegations.  *Swanson v. Danimer Scientific, Inc.*, No. 23-7674-CV, 2024 WL 4315109, at *3 (2d Cir. Sept. 27, 2024) (summary order).  In *Swanson*, the plaintiffs alleged that a SPAC director "was under pressure to ensure completion of [a de-

---

2020 WL 2610979, at *11-12 (E.D.N.Y. May 20, 2020) ("specific representations about [company's] then-existing practices for monitoring dam stability").

[6]   This distinguishes Plaintiffs' cited, out of circuit case, where defendants allegedly knew existing facts that rendered their disclosed construction timeline "impossible."  *See Allegheny Cnty. Employees' Ret. Sys. v. Energy Transfer LP*, 532 F. Supp. 3d 189, 205 (E.D. Pa. 2021).

[7]   *See, e.g., Abramson v. Newlink Genetics Corp.*, 965 F.3d 165, 176-177 (2d Cir. 2020) (pharmaceutical executive implied no recent credible study found survival rates above 20 months, yet plaintiffs submitted numerous studies showing just that).

SPAC] transaction to avoid having to return investors' capital and bear the costs incurred in taking [the SPAC] public." *Id.* In affirming the dismissal for failure to plead scienter, the Second Circuit explained that the alleged financial incentives are no "different from the 'generalized financial motives' of corporate officers in non-SPAC business contexts" that "could be attributed to the directors and officers of any corporation looking to complete an acquisition transaction." *Id.* (citing *ECA, Local 134 IBEW Joint Pension Trust of Chicago v. JP Morgan Chase Co.*, 553 F.3d 187, 201 (2d Cir. 2009)). The same logic applies with equal force here.[8]

### B. Plaintiffs Fail To Identify Any Specific Contrary Information the FTAC Defendants Allegedly Knew or Recklessly Disregarded

Plaintiffs' conclusory allegations that the FTAC Defendants must have known the forthcoming German regulations would negatively impact Paysafe because of their senior positions at FTAC and due diligence for the Merger are insufficient to plead scienter based on conscious misbehavior or recklessness. (FTAC Mot. at 13-16; Paysafe Reply at 8-9.) The Opposition cannot point to any *specific* information available to the FTAC Defendants that allegedly contradicted their public statements. (Opp'n at 32-33.) Even if certain Paysafe executives anticipated (at some unspecified time) that German regulations would have a negative impact, Plaintiffs fail to allege those expectations were ever conveyed to the FTAC Defendants. *See Swanson*, 2024 WL 4315109, at *2 (CTO's later "admission" that CEO's statement was not "wholly accurate" did not support scienter for CEO because plaintiffs "failed to plead particularized facts 'alleg[ing] that [the CTO] conveyed this information to [the CEO]'").[9]

---

[8] Tellingly, Plaintiffs do not even try to distinguish the allegations in *Swanson*, despite the FTAC Motion citing the trial court's decision while the appeal was pending. (FTAC Mot. at 11-12.)

[9] In contrast, Plaintiffs' cited cases involved obvious red flags. *See, e.g.*, *Theodore v. Purecycle Techs.*, *Inc.*, No. 6:21-cv-809-PGB-RMN, 2023 WL 4035880, at *9 (M.D. Fl. June 15, 2023) (defendant "continued to ignore or disregard seemingly overt red flags"); *In re Refco, Inc. Sec.*
*(cont'd)*

III.    **PLAINTIFFS' SCHEME ARGUMENTS ARE MERITLESS**

Plaintiffs' scheme claim also fails, including because they cannot "identify any deceptive acts distinct from the alleged (inactionable) misstatements and omissions." (FTAC Mot. at 3, 12 n.6.) Plaintiffs argue that the FTAC Defendants engaged in an alleged scheme through "dissemination" because they "direct[ed] shareholders" to filings containing the allegedly false and misleading statements. (Opp'n at 35-36.) But Plaintiffs cite no authority holding that merely referencing a document that allegedly contains false or misleading statements constitutes "dissemination" giving rise to scheme liability.[10] If that were so, there would be no distinction between a misrepresentation or omission claim, on the one hand, and a scheme claim, on the other. *SEC v. Rio Tinto plc*, 41 F.4th 47, 54 (2d Cir. 2022). Next, Plaintiffs argue that omitting the allegedly likely impact of the German regulations is by itself actionable (Opp'n at 36), but their own authority confirms that "omissions alone are not enough for scheme liability." *Rio Tinto*, 41 F.4th at 54.[11] Finally, Plaintiffs argue that the absence of a fairness opinion for the Merger supports scheme liability (Opp'n at 37), but again they cite no authority endorsing this novel theory—which is particularly baseless here because the FTAC Defendants fully disclosed there was no fairness

---

*Litig.*, 503 F. Supp. 2d 611, 648 (S.D.N.Y. 2007) (large recurrent transactions with an "obvious lack of business purpose" by corporation with history of filing false trading reports); *In re Philip Services Corp. Sec. Litig.*, 383 F. Supp. 2d 463, 475 (S.D.N.Y. 2004) ("highly suspicious" and "massive" increase of inventories, warning from auditor, and letter from former employee).

[10]    Plaintiffs' only cited case involved market manipulation of a penny stock. *SEC v. Fiore*, 416 F. Supp. 3d 306, 321 (S.D.N.Y. 2019).

[11]    While Plaintiffs argue the Second Circuit "recogniz[ed] the viability of these claims" on remand in *Macquarie* (Opp'n at 37), the Second Circuit subsequently vacated and amended that summary order to remove all references to scheme liability (including the line Plaintiffs rely on here). *Moab Partners, L.P. v. Macquarie Infrastructure Corp.*, No. 21-2524, 2024 WL 4356386, at *2 (2d Cir. Oct. 1, 2024).

7

opinion and why (AC ¶ 95).  *See Cellular Tech. Servs. Co. v. TruePosition, Inc.*, 609 F. Supp. 2d 223, 228 (D. Conn. 2009) (lack of fairness opinion not evidence of "fraudulent scheme" when shareholders were "well aware").

## IV.    PLAINTIFFS FAIL TO STATE A CLAIM FOR CONTROL PERSON LIABILITY AGAINST ANY FTAC DEFENDANT

Plaintiffs do not state a claim under Section 20 because Plaintiffs fail to plead a primary violation.  (FTAC Mot. at 17.)  Additionally, Plaintiffs do not allege that the FTAC Defendants controlled any Paysafe Defendant.  Plaintiffs' only response is that the FTAC Defendants allegedly held "positions as directors and/or officers of FTAC" and had "day-to-day involvement in the operation of FTAC."  (Opp'n at 40.)  These allegations are insufficient to allege control.  *See Rose v. Rahfco Mgmt. Grp.*, LLC, No. 13 CV 5804(VB), 2014 WL 7389900, at *5 (S.D.N.Y. Dec. 15, 2014) ("Officer or director status alone does not constitute control.") (citing *In re Livent, Inc. Sec. Litig.*, 78 F. Supp. 2d 194, 221 (S.D.N.Y. 1999)); *In re Global Crossing, Ltd. Sec. Litig.*, No. 02 Civ. 910(GEL), 2005 WL 1907005, at *13 (S.D.N.Y. Aug. 8, 2005) ("Allegations that a person was one of multiple directors of the primary violator does not raise an inference of control over that entity."); *see also Sgarlata v. PayPal Holdings, Inc.*, No. 17-cv-06956-EMC, 2018 WL 6592771, at *8 (N.D. Cal. Dec. 13, 2018) ("[C]onclusory allegations of control over day-to-day activities are insufficient to establish control person liability.").

## CONCLUSION

All claims against the FTAC Defendants should be dismissed with prejudice.

Dated:   New York, New York
         October 28, 2024

Respectfully submitted,

*/s/ Patrick G. Rideout*

SKADDEN, ARPS, SLATE,
  MEAGHER & FLOM LLP
Patrick G. Rideout
Shaud G. Tavakoli
Michael C. Griffin
Holly A. Gwydir
One Manhattan West
New York, New York 10001
Phone: (212) 735-3000
Fax:    (212) 735-2000
patrick.rideout@skadden.com
shaud.tavakoli@skadden.com
michael.griffin@skadden.com
holly.gwydir@skadden.com

*Attorneys for Defendants William P. Foley, II,*
*  Richard N. Massey and Bryan D. Coy*